### OLIVER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1916. Rehearing Denied March 6, 1916.)

No. 2586.

1. CRIMINAL LAW ☞89—JURISDICTION OF COURTS—COMMON-LAW JURISDICTION.

The federal courts have no common-law jurisdiction in criminal cases, and it is essential to the exercise of such jurisdiction that Congress shall have made the act a crime, affixed a punishment to it, and declared the court that shall have jurisdiction of it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 128; Dec. Dig. ☞89.]

2. RAPE ☞2—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Const. art. 1, § 8, subd. 10, authorizes Congress to define and punish piracies and felonies committed on the high seas. Criminal Code (Act March 4, 1909, c. 321) § 276, 35 Stat. 1143 (Comp. St. 1913, § 10449), provides that whoever shall assault another with intent to commit rape shall be imprisoned not more than 20 years. Section 278 provides that whoever shall commit the crime of rape shall suffer death. *Held*, that these statutory provisions are not void, as failing to state what constitutes rape, as Congress may as well define by using a term of known and determinate meaning as by an express enumeration of all the particulars included in that term.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 2; Dec. Dig. ☞2.]

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Harry Oliver was convicted of an offense, and he brings error. Affirmed.

H. W. Hutton, of San Francisco, Cal., for plaintiff in error.
John W. Preston, U. S. Atty., of San Francisco, Cal.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROSS, Circuit Judge. Upon an indictment charging him with an assault with intent to commit rape upon a certain named woman on the high seas while on board of a certain named American vessel, the plaintiff was convicted by the verdict of a jury, upon which verdict judgment of imprisonment was entered against him by the court below, from which judgment the case is brought here by writ of error.

The objections made on behalf of the plaintiff in error to the sufficiency of the proof to support the verdict are, we think, wholly without merit, for which reason we refrain from going into the details of the heinous offense. Nor do we think that the plaintiff in error has any just cause of complaint in respect to the action of the trial court in the matter of instructions to the jury. The charge of the learned judge was fair, and fully covered the crime charged and the case made by the evidence.

[1] But it is insisted on behalf of the plaintiff in error that the indictment was and is without any basis in law, for the asserted reason that there is no statute of the United States defining rape or an attempt to commit that crime. It is, of course, readily conceded that the federal courts have no common-law jurisdiction in criminal cases, and that it is essential to the exercise of such jurisdiction by those courts that Congress shall have first made the act a crime, affixed a punishment to it, and declared the court that shall have jurisdiction of it. Decisions to that effect are so numerous that they need not be cited.

[2] The power of Congress to do so is given by subdivision 10 of section 8 of article 1 of the Constitution, in these words:

"To define and punish piracies and felonies committed on the high seas, and offenses against the law of nations."

By the Criminal Code of the United States it is, among other things, provided in section 276:

"Whoever shall assault another with intent to commit murder, or rape, shall be imprisoned not more than twenty years. Whoever shall assault another with intent to commit any felony, except murder, or rape, shall be fined not more than three thousand dollars, or imprisoned not more than ten years, or both. * * *"

And section 278 of the same Code is as follows:

"Whoever shall commit the crime of rape shall suffer death."

The contention on behalf of the plaintiff in error is that those provisions of the statute in respect to rape and assault with intent to commit that crime are void, in that they do not define what constitutes rape. In 1820, in the case of United States v. Smith, 5 Wheat. 153, 5 L. Ed. 57, the Supreme Court had before it for consideration an indictment founded upon a statute which provided:

"That if any person or persons whatsoever shall upon the high seas commit the crime of piracy as defined by the law of nations, and such offender or offenders shall be brought into or found in the United States, every such offender or offenders shall upon conviction thereof be punished with death."

And it was there contended that that statute was of no force or effect because the crime of piracy was not therein defined; and one

of the justices of the court so held in a dissenting opinion. In delivering the opinion of the court Mr. Justice Story said:

"The argument which has been urged in behalf of the prisoner is that Congress is bound to define, in terms, the offense of piracy, and is not at liberty to leave it to be ascertained by judicial interpretation. If the argument be well founded, it seems admitted by the counsel that it equally applies to the eighth section of the Act of Congress of 1790, c. 9, which declares that robbery and murder committed on the high seas shall be deemed piracy; and yet, notwithstanding a series of contested adjudications on this section, no doubt has hitherto been breathed of its conformity to the Constitution. In our judgment, the construction contended for proceeds upon too narrow a view of the language of the Constitution. The power given to Congress is not merely 'to define and punish piracies'; if it were, the words 'to define' would seem almost superfluous, since the power to punish piracies would be held to include the power of ascertaining and fixing the definition of the crime. And it has been very justly observed, in a celebrated commentary, that the definition of piracies might have been left, without inconvenience, to the law of nations, though a legislative definition of them is to be found in most municipal codes. The Federalist, No. 4, p. 276. But the power is also given 'to define and punish felonies on the high seas, and offenses against the law of nations.' The term 'felonies' has been supposed, in the same work, not to have a very exact and determinate meaning in relation to offenses at the common law, committed within the body of a county. However this may be, in relation to offenses on the high seas, it is necessarily somewhat indeterminate, since the term is not used in the criminal jurisprudence of the admiralty, in the technical sense of the common law. See 3 Inst. 112; Hawk. P. C. c. 37; Moore, 576. Offenses, too, against the law of nations, cannot, with any accuracy, be said to be completely ascertained and defined in any public code recognized by the common consent of nations. In respect, therefore, as well to felonies on the high seas as to offenses against the law of nations, there is a peculiar fitness in giving the power to define as well as to punish; and there is not the slightest reason to doubt that this consideration had very great weight in producing the phraseology in question. But supposing Congress were bound, in all the cases included in the clause under consideration, to define the offense, still there is nothing which restricts it to a mere logical enumeration in detail of all the facts constituting the offense. Congress may as well define by using a term of a known and determinate meaning as by an express enumeration of all the particulars included in that term. That is certain which is, by necessary reference, made certain. When the act of 1790 declares that any person who shall commit the crime of robbery or murder on the high seas shall be deemed a pirate, the crime is not less clearly ascertained than it would be by using the definitions of these terms as they are found in our treatises of the common law. In fact, by such a reference the definitions are necessarily included as much as if they stood in the text of the act. In respect to murder, where 'malice aforethought' is of the essence of the offense, even if the common-law definition were quoted in express terms, we should still be driven to deny that the definition was perfect, since the meaning of 'malice aforethought' would remain to be gathered from the common law. There would then be no end to our difficulties, or our definitions, for each would involve some terms which might still require some new explanation. Such a construction of the Constitution is therefore wholly inadmissible. To define piracies, in the sense of the Constitution, is merely to enumerate the crimes which shall constitute piracy; and this may be done, either by a reference to crimes having a technical name and determinate extent, or by enumerating the acts in detail upon which the punishment is inflicted."

The doctrine of that case is that by giving a crime a name known to the law of nations or to the common law a crime is not less clearly ascertained than it would be by using the definition as found in the treatises of the common law, or in the law of nations. "Congress,"

said the court, "may as well define, by using a term of a known and determinate meaning, as by an express enumeration of all the particulars included in that term. That is certain which is, by necessary reference, made certain."

That decision has stood unreversed for nearly 100 years, and upon its authority we rest our judgment affirming the validity of the statute here questioned.

The judgment is affirmed.