## MARTYN v. UNITED STATES.
### No. 13958.

United States Court of Appeals
Eighth Circuit.

Sept. 21, 1949.

A. Clifford Jones, St. Louis, Mo. (appointed by the Court) for appellant.

Richard H. Musser, Assistant United States Attorney, Kansas City, Mo. (Sam M. Wear, United States Attorney, Kansas City, Mo., on the brief); for appellee.

Before SANBORN, JOHNSEN and RIDDICK, Circuit Judges.

PER CURIAM.

This appeal in forma pauperis is from an order of the District Court overruling a motion of the defendant (appellant) to vacate a sentence of imprisonment imposed upon him on July 24, 1947.

By an information filed June 30, 1947 (with the defendant's consent), the defendant was charged, in twenty-three counts, with transporting in interstate commerce twenty-three "falsely made" checks, for varying amounts, "purportedly drawn on the account of Lester S. Martyn at the Traders Gate City National Bank in Kansas City, Missouri," in violation of § 3 of the National Stolen Property Act as amended, 48 Stat. 794, 53 Stat. 1178, 18 U.S.C.A. § 415.[1] Upon a plea of guilty to the information, the defendant was sentenced to imprisonment for five years and five days. On May 17, 1948, the defendant filed a motion to vacate his sentence. The sole basis for the motion was the defendant's assertion that he had not personally entered a plea of guilty and that the plea entered on his behalf by his counsel conferred no jurisdiction upon the District Court to impose sentence. The motion was overruled. On March 8, 1949, the defendant filed a similar motion upon the same ground. The District Court, on March 19, 1949, entered an order declining to change

1. Now § 2314 of new Title 18 U.S.C.A., effective September 1, 1948.
176 F.2d—39

**610**

its former ruling, and denying the motion. This appeal followed.

■ The District Court's ruling that the sentence was not invalid upon the ground that the defendant had not personally entered a plea of guilty is not now subject to challenge. The court was entirely justified in refusing to reconsider that question after having once decided it. See § 2255, new Title 28 U.S.C.A.

■ Counsel appointed by this Court to represent the defendant here, does not contend that the District Court lacked jurisdiction because of any irregularity with respect to the plea of guilty. He argues that the sentence is a nullity because the offenses charged in the information are not federal offenses. This question was never presented to the court below, but it relates to the jurisdiction of that court and is a question which this Court properly may consider.

■ The checks described in the information were drawn by the defendant in his own name upon a nonexistent bank account in an existing bank. Section 3 of the National Stolen Property Act, as amended, 18 U.S.C.A. § 415, denounced the interstate transportation, with fraudulent intent, of "any falsely made, forged, altered, or counterfeited securities," known to be such. That Congress could make it an offense to transport bogus checks such as those in suit in interstate commerce with intent to defraud, is not controverted. The contention of counsel for the defendant is that Congress did not do so. Cases, directly in point, holding that the Act did not cover the transportation of checks drawn by the maker in his own name upon an existing bank in which he had no funds, are: Wright v. United States, 9 Cir., 172 F.2d 310, and Greathouse v. United States, 4 Cir., 170 F.2d 512. See, also, United States v. Sheridan, 329 U.S. 379, 381, footnote 4, 67 S.Ct. 332, 91 L.Ed. 359. It is possible, of course, that Congress, when it enacted the statute in suit, may have intended or supposed that the statute would cover the transportation of such checks, but, if so, the language used did not adequately express that intent. It is ele-

mentary that a criminal statute must be strictly construed. It is also important that it receive a uniform construction. We would not be justified in adopting a different construction of the Act than that which prevails in the Fourth and Ninth Circuits unless we were able to demonstrate that that construction was clearly wrong. We think that the construction placed upon the statute in those Circuits should be accepted by this Court.

We reach the conclusion that the information stated no federal offense. For that reason, the sentence imposed upon the defendant was illegal. While the District Court did not err in its ruling upon any question presented to and considered by it, its lack of jurisdiction to impose the sentence which the defendant seeks to have vacated is now apparent.

The order appealed from is set aside, and the District Court is directed to vacate the defendant's sentence and to order his discharge from custody.