## MARTELL v. UNITED STATES.

### No. 14520.

United States Court of Appeals
Eighth Circuit.

April 3, 1952.

Gregory Martell, pro se.

P. W. Lanier, U. S. Atty., and Harry Lashkowitz, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

PER CURIAM.

Gregory Martell, an Indian more than thirty years of age, upon his waiver of indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., was charged by an information with having forcibly raped a thirteen year old Indian girl on October 18, 1950, within the confines of the Turtle Mountain Indian Reservation in the District of North Dakota. The charge was based upon § 1153, Title 18 U.S.C.A.[1] Upon Martell's plea of guilty to the information and after a presentence investigation, the District Court on November 15, 1950, sentenced him to ten years imprisonment.

The court on September 14, 1951, denied a motion of Martell to vacate his sentence. This motion, which is not included in the record, was apparently based upon the grounds that the court had appointed incompetent counsel to represent Martell and that he was "forced to trial with such expedition as to preclude an impartial hearing and sentence." The court gave careful consideration to Martell's contentions, discussed them in detail in an opinion, and held them to be without merit. The court correctly pointed out in its opinion that

1. So far as pertinent, § 1153 provides:
"Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, incest, assault with intent to kill, assault with a dangerous weapon, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

"As used in this section, the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offense of rape upon any female Indian within the Indian country, shall be imprisoned at the discretion of the court."

whether the crime charged against Martell was accomplished by force or not, it was still rape within the meaning of the applicable law, and that Martell admitted having intercourse with the girl.

In December, 1951, Martell filed another motion to vacate his sentence, apparently upon much the same grounds which were contained in his previous motion, namely, that the time allowed for a pre-sentence investigation was inadequate, that there was no proof of the use of force, that he was not fully and correctly advised as to the applicable law or his constitutional rights, and that he was not given time to study the import of the charges against him. The District Court denied the motion on December 27, 1951, and on January 7, 1952, granted Martell leave to appeal in forma pauperis.

There is, in our opinion, not the slightest merit in this appeal. The District Court had jurisdiction of Martell and of the offense charged against him. The court was scrupulously careful to see that throughout the entire proceedings Martell had the advice and assistance of competent counsel and was fully advised of his rights. Martell's assertion that the court acted with undue haste finds no support in the record. After Martell had entered his plea of guilty, the court conducted a hearing to ascertain the facts surrounding the commission of the offense and whether there were any mitigating circumstances. All that counsel for Martell could bring forward in Martell's behalf at this pre-sentence hearing was that he claimed, in effect, to have been seduced by the thirteen year old Indian girl, who, he asserted, represented herself to be nineteen years of age, a manifest absurdity in the light of the facts developed at the hearing.

The record in this case demonstrates that Martell was lawfully convicted and sentenced upon his plea of guilty to rape and that his motion to vacate his sentence was properly denied.

The order appealed from is affirmed.