**UNITED STATES of America, Plaintiff,**

v.

**Gerald RED WOLF and Antione P. Little Light, Defendants.**

Cr. No. 73.

United States District Court
D. Montana,
Billings Division.
March 30, 1959.

Krest Cyr, U. S. Dist. Atty., Butte, Mont., Waldo N. Spangelo and John F. Blackwood, Asst. U. S. Dist. Attys., Billings, Mont., for plaintiff.

Sandall, Moses & Cavan, Billings, Mont., for defendant Antione P. Little Light.

JAMESON, District Judge.

Defendant Antione P. Little Light has filed a motion to quash the indictment on the ground that it fails to state an offense. It is charged in the indictment that within the exterior borders of the Crow Indian Reservation, being Indian country, and within the State of Montana, the defendants, being Indian persons, committed the offense of rape in having acts of sexual intercourse with a female Indian under the age of 18 years, and not the wife of either of the defendants. The Indian girl was 17 years of age at the time of the alleged offense. The defendants were 18 and 19 years of age, respectively.

18 U.S.C.A. § 1153, relating to offenses committed within Indian country provides: "Any Indian who commits against the person * * * of another Indian or other person any of the following offenses, namely, * * * rape * * within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

"As used in this section, the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offense of rape upon any female Indian within the Indian country shall be imprisoned at the discretion of the court."

Rape is defined by R.C.M.1947, § 94-4101, as follows:

"Rape is an act of sexual intercourse, accomplished with a female,

not the wife of the perpetrator, under any of the following circumstances:

"1.   When the female is under the age of eighteen years.   *   *   *"

Five other "circumstances" follow, none of which relate to the age of the female.[1]

18 U.S.C.A. § 2031 provides: "Whoever, within the special maritime and territorial jurisdiction of the United States, commits rape shall suffer death, or imprisonment for any term of years or for life." [2]

18 U.S.C.A. § 2032 relating to "carnal knowledge of female under 16" reads as follows: "Whoever, within the special maritime and territorial jurisdiction of the United States, carnally knows any female, not his wife, who has not attained the age of sixteen years, shall, for a first offense, be imprisoned not more than fifteen years, and for a subsequent offense, be imprisoned not more than thirty years." [3]

18 U.S.C.A. § 1152 provides: "Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

"This section shall not extend to offenses committed by one Indian against the person or property of another Indian   *   *   *."

■   It is clear from the sentence last quoted that the general laws of the United States relating to rape and carnal knowledge are not here applicable by reason of the fact that the alleged offense was committed by an Indian against the person of another Indian. The question arises, however, as to whether by reason of the distinction long recognized by the Federal Government between rape and carnal knowledge, the term "rape" as used in 18 U.S.C.A. § 1153 may include "carnal knowledge" of a female under 18, pursuant to R.C.M. 1947, § 94–4101.

The government contends that the plain language of 18 U.S.C.A. § 1153 and R.C.M. 1947, § 94–4101, clearly supports

---

1.   The remaining subsections of 94–4101, defining rape, read:

"2.   Where she is incapable, through lunacy or any other unsoundness of mind, whether temporary or permanent, of giving legal consent.

"3.   Where she resists, but her resistance is overcome by violence or force.

"4.   Where she is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution, or by any intoxicating narcotic, or other anesthetic substance, administered by or with the privity of the accused.

"5.   Where she is, at the time, unconscious of the nature of the act, and this is known to the accused.

"6.   Where she submits, under a belief that the person committing the act is her husband, and this belief is induced by any artifice, pretense, or concealment practiced by the accused, with the intent to induce such belief."

It is clear also from many decisions of the Montana Supreme Court that there is no distinction in Montana between so-called statutory rape and rape by force.   The most recent case is State v. Reid, 1954, 127 Mont. 552, 562, 267

P.2d 986, 991, where the court said: "The law is as stated in State v. Duncan, 82 Mont. 170, 184, 266 P. 400, 405, viz.: 'Under this provision (now R.C.M. 1947, § 94–4101, subd. 1), the consent of the female, the lack of knowledge of her age, or even her misrepresentation as to her age, and the lack of chastity of the female, and even the fact that she was at the time an inmate of a house of prostitution, are all immaterial matters; a conviction depends solely upon proof of intercourse and nonage, and if a man indulge in promiscuity with strange women he has only himself to blame if it later develops that he has unwittingly committed the crime of rape.   Such is the law as declared by the lawmaking body of this state, and the province of the courts is to enforce the law as they find it.' "

2.   As first enacted in 1825, this section applied to high seas, but not to federal enclaves, 4 Stat. 115; in 1874 by Rev. Stat. § 5345 it was amended to apply to federal enclaves.

3.   First enacted in 1889, 25 Stat. 658, fixing age of consent at 16.

the indictment. The defendant Little Light contends that the offense of "so called statutory, or non-forcible rape perpetrated by an Indian man against an Indian woman within the Indian country does not exist, and that the indictment therefore fails to state an offense."

In construing the effect of the various statutory provisions, a brief history of the legislation providing for prosecution of Indians for offenses committed in the Indian country is warranted. It was held in Ex parte Crow Dog, 1883, 109 U.S. 556, 3 S.Ct. 396, 27 L.Ed. 1030, that the federal court had no jurisdiction to prosecute an Indian for the murder of another Indian or for other offenses committed by one Indian against the property or person of another Indian, such jurisdiction never having been withdrawn from the original sovereignty of the Indian Tribe.[4] Following that decision, the Act of March 3, 1885, 23 Stat. 362, 385, known as "The Seven Major Crimes Act" was enacted, making it a federal offense to commit any one of seven enumerated offenses (including rape) against another Indian or other person on an Indian reservation. The offense of assault with a dangerous weapon was added by the Act of March 4, 1909, 35 Stat. 1085, 1151, and robbery and incest by the Act of June 28, 1932, 47 Stat. 337. Accordingly, there are now ten major offenses for which federal jurisdiction has replaced tribal jurisdiction incorporated in 18 U.S.C.A. § 1153.

In 1932, identical bills were introduced in the Senate (S 4511) and House (H. R. 11595) at the request of the Secretary of the Interior.[5] As introduced, these bills added the crimes of "incest", "carnal knowledge", "assault with intent to commit rape", "assault with intent to do great bodily harm," and "robbery", and also provided that rape and carnal knowledge should be defined in accordance with state law. The Senate Committee on Indian Affairs amended S 4511 by striking out "carnal knowledge", "assault with intent to commit rape", and "assault with intent to do great bodily harm", from the named crimes, leaving the two additional crimes of robbery and incest. The amendment also deleted "carnal knowledge" from the proviso that rape and carnal knowledge should be defined in accordance with state law.

4. The court said in part: " * * * It is a case, where, against an express exception in the law itself, that law, by argument and inference only, is sought to be extended over aliens and strangers; over the members of a community, separated by race, by tradition, by the instincts of a free though savage life, from the authority and power which seeks to impose upon them the restraints of an external and unknown code, and to subject them to the responsibilities of civil conduct, according to rules and penalties of which they could have no previous warning; which judges them by a standard made by others, and not for them, which takes no account of the conditions which should except them from its exactions, and makes no allowance for their inability to understand it. It tries them not by their peers, nor by the customs of their people, nor the law of their land, but by superiors of a different race, according to the law of a social state of which they have an imperfect conception, and which is opposed to the traditions of their history, to the habits of their lives, to the strongest prejudices of their savage nature; one which measures the red man's revenge by the maxims of the white man's morality. * * *" 109 U.S. at page 571, 3 S.Ct. at page 406, 27 L.Ed. at page 1035.

5. After calling attention to the history of the legislation providing for prosecution of Indians for specific offenses, the letter of the Secretary continues: "This has been the law for about 37 years, and there is now great need for making Indians subject to more of the laws governing other citizens or residents of the United States. For instance, some serious cases arise involving rape, assault with intent to commit rape, carnal knowledge, and incest, which are not now punishable, because in Federal procedure the common-law definition of rape is followed. There are inclosed herewith sample copies of correspondence in regard to a few cases showing circumstances deserving prosecution and punishment to some extent at least, but where, as you will observe, there could be no prosecution because of the present state of the law." (S.Rep. No. 746, 72d Cong., 1st Sess. 2 (1932)).

The Senate bill, as so amended, was enacted into law as the Act of June 28, 1932, 47 Stat. 337.

Primarily on the basis of this legislative history, it was held in United States v. Jacobs, D.C.E.D.Wis.1953, 113 F.Supp. 203, 206, [6] that the offense of carnal knowledge is not included within the crime of rape under 18 U.S.C.A. § 1153, and an indictment similar to that in the instant case was dismissed. It should be noted, however, that the Wisconsin statute as amended in 1949, St.1949, § 340.47, recognizes "carnal knowledge and abuse" as a distinct offense separate and apart from the offense of rape. Such a distinction is not recognized in Montana and to that extent the Jacobs case is distinguishable. On the other hand, it appears that Judge Tehan would have reached the same result entirely apart from the Wisconsin statute, as indicated by his conclusion that carnal knowledge by reason of non-age was not included in the term "rape" under Section 1153.[7]

Judge Tehan also pointed out that if an Indian may be held for the offense charged in the indictment, "an Indian would be held to a greater degree of responsibility than a white man." As noted above, section 2032 fixes 16 as the age of consent, so that a white man could not be charged with an offense against a 17 year old Indian girl on an Indian reservation under the circumstances set forth in the indictment. As Judge Tehan says, "It is extremely unlikely that Congress intended such a discriminating result." The purpose of the various acts to bring the Indians under federal jurisdiction is to permit prosecution of Indians the same as other people, but not to discriminate against the Indians.[8]

Nor does it appear that these defendants could be prosecuted for the offense here charged against a female other than an Indian. Section 1153 provides that any Indian who commits the crime of rape, and other crimes, "against the person * * * of another Indian or other person * * * shall be subject to the same laws and penalties as all other persons committing" the offense "within the exclusive jurisdiction of the United States." This section then provides that "the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed," but with respect to punishment it provides that "any Indian who commits the offense of rape upon any female Indian within the Indian country shall be imprisoned at the discretion of the court." Obviously the punishment provision would not apply if the offense were committed against a white girl. Presumably in that case, 18 U.S.C.A. § 2031 would

---

6. Appeal dismissed on motion of the appellant. Acting Solicitor General Stern for the United States. 346 U.S. 892, 74 S.Ct. 228, 98 L.Ed. 394.

7. On this point Judge Tehan said: "The important thing to be determined, of course, is the intent of Congress. The language of the statute should not be distorted under the guise of construction, or limited by construction so as to defeat the manifest intent of Congress. United States v. Alpers, 338 U.S. 680, 70 S.Ct. 352, 94 L.Ed. 457. In this case, the manifest intent of Congress would seem to be indicated by the fact that Congress struck out carnal knowledge from the list of proposed offenses. If Congress wanted to constitute carnal knowledge as an offense, it does not seem likely that it would have been done in the roundabout way for which the government contends, when it could easily have been accomplished by the simple and direct method of allowing the words 'carnal knowledge' to remain as they were in the original bill." 113 F.Supp. at page 207.

8. The report of the House Committee on Indian Affairs on H.R. 11595, which did not include the amendment adopted by the Senate deleting carnal knowledge and other offenses, included the following statement: "The purpose of this bill is to enable the authorities to punish an Indian for major crimes the same as any other people. Heretofore, under the so-called police system on a reservation, an Indian could only be sentenced to 90 days in jail for a major crime, committed on the reservation against a female Indian. The United States authorities have had no jurisdiction to punish them as they can a white person, for instance." (H.R. Rep. No. 1446, 72d. Cong., 1st Sess. 1 (1932)).

be applicable in determining punishment for rape, but this would apply only with respect to rape as defined in federal law. If the white female were under 16, the defendants could be charged with the offense of carnal knowledge pursuant to sections 1152 and 2032, but were the white female over 16, as is the case here, there would be no offense. This illustrates further the difficulty of applying a state definition of rape which includes the offense of carnal knowledge.

It should be noted also that there are still many serious offenses, such as attempted rape, assault and battery, theft, and forgery, which are not included among the major crimes over which the federal court has jurisdiction. These offenses are still handled by the tribal court, and with respect to offenses committed by Indians against the person or property of another Indian, the jurisdiction of the tribal court is exclusive. With respect to offenses committed by Indians on the reservation against the person or property of others, the jurisdiction of the tribal court is often concurrent rather than exclusive.[9] Pursuant to the Indian Reorganization Act of June 18, 1934, 48 Stat. 986, and amendments thereto, 25 U.S.C.A., § 476, many Indian tribes have adopted constitutions and by-laws and law and order codes which specify the jurisdiction of the tribal court. It is my understanding that the Crow Tribe has not adopted such a law and order code, and accordingly is governed by the regulations concerning law and order on Indian reservations issued by the Commissioner of Indian Affairs, pursuant to 25 U.S.C.A. § 2. These regulations appear in 25 C.F.R. § 11.1 et seq. Sections 11.38 to 11.87 NH, inclusive, prescribe the code of Indian offenses.[10] Carnal knowledge is not included, but fornication and contributing to the delinquency of a minor are enumerated as crimes prescribed by the code for prosecution in the tribal court. It may be argued that the failure to include carnal knowledge as one of the offenses punishable by the tribal court is some indication that the Commissioner of Indian Affairs assumed that this offense was included in the crime of rape, although certainly that could not be true in those states which, like the federal government, distinguish between rape and carnal knowledge.

The decision in United States v. Jacobs, supra, was followed by the District Court of Alaska in Petition of McCord, 1957, 151 F.Supp. 132, where the defendant Indian was charged with "statutory rape" in carnally knowing and abusing a female Indian person under the age of 16 years, to-wit, 14 years of age. The court does not refer to any applicable laws of the territory,[11] but quotes extensively from United States v. Jacobs in reaching the conclusion that the crime of statutory rape is not includ-

9. This court had occasion to consider this situation in United States v. La Plant, D.C.1957, 156 F.Supp. 660.

10. More recently there has been "a decided trend toward the emancipation of the Indians, the withdrawal of federal control, and an attempt to assimilate the Indians into the community life of the various states." This statement was made by the Supreme Court of Oregon in Anderson v. Britton, 1957, 212 Or. 1, 318 P.2d 291, 300, certiorari denied 356 U.S. 962, 78 S.Ct. 999, 2 L.Ed.2d 1068, in holding valid 18 U.S.C.A. § 1162, which provides that in certain specified states, including Alaska, California, Nebraska, Wisconsin, and portions of Minnesota and Oregon, the states have jurisdiction over offenses committed by or against Indians in the areas of Indian country, and that the provisions of §§ 1152 and 1153 shall not be applicable within those areas. Under this statute there is of course no discrimination between whites and Indians.

11. §§ 65–4–12 and 65–4–13 of Alaska Compiled Laws Annotated, 1949, provided:
"§ 65–4–12. Rape. That whoever has carnal knowledge of a female person, forcibly and against her will, or, being sixteen years of age, carnally knows and abuses a female person under sixteen years of age, with her consent, is guilty of rape.
"§ 65–4–13.——Punishment. That a person convicted of rape upon * * * a female person under twelve years of age, shall be imprisoned in the penitentiary during life; * * *."

ed within the provisions of 18 U.S.C.A. § 1153.

In United States v. Davis, D.C.D.N.D. 1957, 148 F.Supp. 478, 479, the defendant was charged with the crimes of incest and rape by a single act of intercourse with his seventeen year old first cousin in the Indian country. A motion to dismiss was denied as to the count charging incest and granted as to the count charging rape. With respect to the charge of rape, the court said: "and being of the opinion that carnal knowledge of a child, 17 years of age, without force does not constitute the offense of rape under 18 U.S.C.A. § 1153," the motion to dismiss is granted.[12] An appeal was taken by the Government, but dismissed on stipulation of parties. 8 Cir., 244 F. 2d 717.

In Antelope v. United States, 10 Cir. 1950, 185 F.2d 174, 175, a conviction in the United States District Court for the District of Wyoming of an Indian for the crime of "statutory rape" upon a 13 year old Indian girl was affirmed. The court in its opinion stated that the accused was charged with "the crime of statutory rape upon * * * an Indian girl under the age of 16 years." A footnote cites 18 U.S.C.A. § 1153. No reference was made to the Wyoming statute. The question of the sufficiency of the indictment was not raised, nor did the court consider whether the offense of statutory rape or carnal knowledge was included in the definition of rape. The Wyoming statute defining rape included carnal knowledge or statutory rape and placed the age of consent at 18 years.[13] It is significant that the defendant was charged with statutory rape upon an Indian girl "under the age of 16 years." Apparently it was assumed that the fed-

eral definition of carnal knowledge specifying that the female be under 16 years of age was applicable,[14] rather than the Wyoming statute which places the age of consent at 18 years. In any event, the case dealt solely with the sufficiency of the evidence and did not consider the question here presented.

In Williams v. United States, 1946, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962, the defendant, a white man, was prosecuted under the Assimilative Crimes Act, 18 U.S.C.A. § 13, for carnal knowledge and abuse of a 17 year old Indian girl on an Indian reservation within the State of Arizona. The Arizona law fixed 18 as the age of consent. The court held that the "offense known to Arizona as that of 'statutory rape' has been defined and prohibited by the Federal Criminal Code, and is not to be redefined and enlarged by applications to it of the Assimilative Crimes Act. The fact that the definition of this offense as enacted by Congress resolved in a narrower scope for the offense than that given to it by the State, does not mean that the Congressional definition must give way to the State definition." 327 U.S. at page 717, 66 S. Ct. at page 781. This case of course is distinguishable by reason of the specific provision in section 1153 that "the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed." Certain language of Mr. Justice Burton in Williams v. United States, however, is somewhat pertinent. He said in part: "Where offenses have specifically been defined by Congress and the public has been guided by such definitions for many years, it is not natural for Congress by general legislation to amend such definitions or the punishments prescribed for such offenses, without making clear its

12. The court did not refer to the North Dakota statute or otherwise explain the decision. The North Dakota Revised Code of 1943, Sec. 12–3001, subsection 1, is identical with R.C.M.1947, Sec. 94–4101, subsection 1, supra. It appears

accordingly that this case is directly in point.

13. Wyo.Comp.Stat.1945, § 9–217.

14. 18 U.S.C.A. § 2032.

intent to do so." 327 U.S. at page 718, 66 S.Ct. at page 782.

The Government contends, quite plausibly, that here Congress has made its intent clear that the crime of rape shall be defined in accordance with the laws of the state in which the offense was committed, and that when the·1932 Amendment was adopted, Congress must have been aware of the fact that Mon-- tana, as well as many other states, had statutes in which carnal knowledge of females under 18, even without their consent, was included within the definition of rape. On the other hand, defendant contends that this section is restricted to rape as recognized by the Federal Government, and that the application of the Montana statute should be limited to the five "circumstances" enumerated in R.C.M.1947, § 94–4101, which are not predicated solely upon acts of intercourse with a female under the age of 18, the federal crime of "carnal knowledge" (although the age of consent under the federal law is 16 instead of 18); and that by deleting the offense of "carnal knowledge" from S 4511 Congress manifested an intent that it should not be included in the major crimes covered by section 1153.

The question is not free from doubt, but particularly in view of the decisions in the cases in which the specific question has been considered, I have concluded that the doubt must be resolved in favor of the accused.[15] If the facts justify prosecution under any of the other subdivisions of R.C.M.1947, § 94–4101, dismissing the present indictment will not preclude a new indictment charging rape under one of the other subdivisions. If the circumstances do not warrant such indictment, then the tribal court has exclusive jurisdiction.

The motion to dismiss the indictment is granted. This decision is based exclusively upon the construction of the statutes upon which the indictment is founded.

---

15. It is worthy of note also that in two of those cases the Government took ap-

peals, which were later dismissed before hearings in the appellate courts.