UNITED STATES of America,
Appellant,

v.

Benny Marion RIDER, Appellee.

No. 16559.

United States Court of Appeals
Ninth Circuit.

Sept. 16, 1960.

Krest Cyr, U. S. Atty., Jack H. Bookey, Asst. U. S. Atty., Butte, Mont., for appellant.

Harry L. Burns, Bernard W. Thomas, Chinook, Mont., for appellee.

Before MATHEWS, JERTBERG and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

The government appeals from an order of the District Court granting a motion by Benny Marion Rider under 28 U.S. C.A. § 2255 to vacate a judgment under which he was sentenced to fifteen years imprisonment for the crime of rape. The question presented on this appeal is whether the information under which Rider was tried and convicted failed to vest jurisdiction in the trial court because it did not state any offense against the laws of the United States.[1]

The charging part of the information, so far as material, reads as follows:

"That * * * within the exterior boundaries of the Fort Bel-

1. Rider duly waived prosecution by indictment.

knap Indian Reservation, being in Indian Country within the State and District of Montana, the above-named defendants, Benny Marion Rider and Benny Bakon, Indian persons, committed the offense of rape by accomplishing an act of sexual intercourse upon the person of * * * a female Indian of the age of 13 years and not being the wife of either Benny Marion Rider or Benny Bakon."

The section of the penal code under which he was charged, 18 U.S.C.A. § 1153, in pertinent part provides:

"Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely * * * rape * * * shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

"As used in this section, the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed * * *."

The Montana statute (R.C.M.1947, § 94–4101) defines rape as " * * * an act of sexual intercourse, accomplished with a female, not the wife of the perpetrator, under any of the following circumstances * * * *"; in separate subdivisions following, six "circumstances" are then set out in the statute, one being, "1. When the female is under the age of eighteen years." None of the other subdivisions treat as material the age of the female.[2]

The act charged in the information against Rider did not constitute the common law crime of rape; force and the commission of an act of sexual intercourse without the consent or against the will of the victim are material elements of that crime (See Williams v. United States, 1954, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962); it did not appear from this information that force was employed and that consent of the victim was lacking. Rather the charge was that of a crime which, though labelled "rape" by the Montana statute creating it, is not common law rape at all.[3] However, the federal government, unlike the State of Montana, has long distinguished between the crime of rape and that of carnal knowledge of a female under a certain age, or so-called "statutory" rape, providing separate statutory treatment and different punishments for each crime.[4]

---

2. The remaining five subdivisions are these:

"2. Where she is incapable, through lunacy or any other unsoundness of mind, whether temporary or permanent, of giving legal consent.

"3. Where she resists, but her resistance is overcome by violence or force.

"4. Where she is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution, or by an intoxicating narcotic, or other anesthetic substance, administered by or with the privity of the accused.

"5. Where she is, at the time, unconscious of the nature of the act, and this is known to the accused.

"6. Where she submits, under a belief that the person committing the act is her husband, and this belief is induced by any artifice, pretense, or concealment practiced by the accused, with the intent to induce such belief."

3. This distinction has been summarized as follows:

"In England and in practically all the states of this country, carnal knowledge of a female under a stated age, with or without her consent, is made a crime by statute. In England the statutory crime is not denominated 'rape,' and the English judges have escaped the confusion of ideas which may arise from the fact that two essentially different crimes have been called by the same name. In some states the statutory offense is denominated 'rape;' generally, however, it is known as 'statutory rape,' to distinguish it from the common-law offense of rape. The two crimes are essentially different". 44 Am.Jur. Rape, § 17.

4. Thus 18 U.S.C.A. § 2031 provides that:

"Whoever, within the special maritime and territorial jurisdiction of the United States, commits rape shall suffer death,

The problem arises whether Congress, when it adopted state law definitions of rape in the enactment of 18 U.S.C.A. § 1153, intended to include only those acts which clearly constituted rape at common law " * * * and others which, only after much stress and perturbation upon the part of the judges, were finally determined to come within the purview of this crime," or meant to include in addition that of carnal knowledge or "statutory rape." [5]

If, as the lower court concluded, Section 1153 does not embrace the offense of "statutory rape" prohibited by subdivision 1 of the Montana statute, then the information charged Rider with a non-existent federal offense and the court was without jurisdiction to enter a judgment of conviction.[6]

█ In his motion Rider did not specifically allege lack of jurisdiction of the trial court as one of the grounds for relief, but he did specify therein that " * * * the sentence is in error for other reasons apparent of record." The question whether he was improperly convicted of a non-existent federal offense challenged the jurisdiction of the court in which conviction was obtained, and that court had the power to consider that issue based upon the general ground stated in his motion.[7] See United States v. Harris, D.C.Mo.1955, 133 F.Supp. 796; Barnes v. Hunter, Warden, 10 Cir., 1951, 188 F.2d 86; Martyn v. United States, 8 Cir., 1949, 176 F.2d 609.

Appellant contends that the recital in Section 1153 that "[a]s used in this section, the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed * * * *" is plain and unambiguous and compels the conclusion that Congress intended to include the entire definition of that crime under Montana law and thus made "statutory" rape a crime where the actors were both Indians.

Appellee on the other hand urges that the meaning is not so clear and that if the contention of the government is accepted the statute will operate unjustly and illogically. He points out that a greater degree of responsibility would be imposed upon an Indian than upon other persons within the jurisdiction of

---

or imprisonment for any term of years or for life."

This statute requires that the common law definition of rape be employed. Oliver v. United States, 9 Cir., 1916, 230 F. 971. It does not include "statutory" rape "because the federal crime of rape carries with it the requirement * * * of the use of force by the offender and of an absence of consent by the victim." Williams v. United States, 1945, 327 U.S. 711, 715, 66 S.Ct. 778, 780, 90 L.Ed. 962.

On the other hand 18 U.S.C.A. § 2032 provides that:

"Whoever, within the special maritime and territorial jurisdiction of the United States, carnally knows any female, not his wife, who has not attained the age of sixteen years, shall, for a first offense, be imprisoned not more than fifteen years, and for a subsequent offense, be imprisoned not more than thirty years."

5. The quoted passage is from People v. Griffin, 1897, 117 Cal. 583, 49 P. 711, 712.

6. 18 U.S.C.A. § 2032, making it an offense for any person to carnally know any fe-

male under 16 years of age, not his wife, has no application here, for as appears from the information, both Rider and the girl involved are Indians. The several crimes enumerated in 18 U.S.C.A. § 1153 do not include that of having carnal knowledge of a youthful female Indian. In recognition of the basic policy of Congress to allow an Indian tribe alone to deal with its members, 18 U.S.C.A. § 1152, which makes applicable to the Indian country the general penal laws of the United States, contains the qualifications that "[t]his section shall not extend to offenses committed by one Indian against the person or property of another Indian." See United States v. Quiver, 1915, 241 U.S. 602, 36 S.Ct. 699, 60 L. Ed. 1196.

7. 28 U.S.C.A. § 2255 provides, in part, as follows:

" * * * if the court finds that the judgment was rendered without jurisdiction * * * the court shall * * * set the judgment aside and shall discharge the prisoner * * *."

the federal courts, for under federal law a person, other than an Indian, having carnal knowledge of a consenting Indian female between the ages of 16 and 18, would not be guilty of the crime of rape but that an Indian under the same facts would.

He also points out that an Indian cannot be punished if such female is a person other than an Indian, for the punishment provided under Section 1153 is expressly limited to those instances involving two Indians, and the only other provision for punishment is that contained in 18 U.S.C.A. § 2031, but that statute fixes the punishment for the federal crime of common law rape and is inapplicable.

Finally, appellee cites the legislative history of Section 1153 in support of his position and points out that Congress in 1932 specifically rejected a proposal to include "carnal knowledge" in the list of enumerated crimes of which the federal courts have jurisdiction in respect to Indians.[8] He urges that this tends to demonstrate a Congressional intention not to make carnal knowledge an offense. However, the appellant argues that in 1932 Congress must have been aware that Montana as well as other states included "carnal knowledge", or sexual intercourse with a female under a specified age, within their statutory definitions of rape, and therefore, it must have intended to accept and adopt those existing definitions by declining to expressly limit "rape" in Section 1153 to its common law meaning.

It can be seen from these contentions that the Congressional intention is far from clear, and the argument made by each party is cogent and plausible. We are constrained, however, to agree with the appellee that the inconsistencies that would result from the problems created*

by a literal application of the statute indicate and require an interpretation that would limit the scope of the "offense of rape" to its ordinary common law meaning. Congress was aware of the disparate treatment of rape and carnal knowledge under the criminal laws of the various states, and it must also have been aware that vexatious problems would result from combining both offenses; it could have, and we think would have, avoided these problems by expressly adding the offense of carnal knowledge to the list of crimes enumerated in Section 1153, if it had meant to include that crime within the reach of the statute. It also seems unlikely that Congress, after it had separately classified and treated the two crimes as distinct and separate, would have intended, in a special law and without express declaration, to include both by simply referring to one.

█ The District Court relied exclusively upon another case arising in this circuit from the same district as the instant case, United States v. Red Wolf, D.C.Mont.1949, 172 F.Supp. 168; there Judge Jameson, in an exhaustive and well reasoned opinion, held that "rape" as used in Section 1153 did not encompass the crime of "statutory rape" included in the Montana rape statute. See also, United States v. Jacobs, D.C.Wis. 1953, 113 F.Supp. 203. We agree with and fully accept the rationale of the Red Wolf decision and conclude that the lower court was right. The judgment is

Affirmed.

MATHEWS, Circuit Judge (dissenting).

On January 11, 1954, there was filed in the United States District Court for the District of Montana an information[1] charging: "That on or about the 20th

---

8. Both the Senate and House introduced bills that would have added the crime of "carnal knowledge," among others, to 18 U.S.C.A. § 1153, as well as providing that both crimes were to be defined according to state law. The Senate, by amendment, deleted "carnal knowledge"

altogether and this bill was finally enacted into law as the Act of June 28, 1932, 47 Stat. 337.

1. Prosecution by indictment was waived pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

day of December, 1953, at a place about three (3) miles east of the Fort Belknap Indian Agency Office, on and within the exterior boundaries of the Fort Belknap Indian Reservation, being in Indian Country within the State and District of Montana, [appellee] and Benny Bakon, Indian persons, committed the offense of rape by accomplishing an act of sexual intercourse upon the person of Savannaha First Chief, a female Indian of the age of 13 years and not being the wife of either [appellee] or Benny Bakon."

The information was based on § 1153, 18 U.S.C.A.,[2] and § 94–4101, Revised Codes of Montana, 1947.[3]

Appellee was arraigned, pleaded not guilty,[4] had a jury trial resulting in a mistrial and a second jury trial resulting in a verdict finding him guilty as charged in the information. Thereupon, on March 4, 1954, a judgment of conviction was entered, sentencing appellee to be imprisoned for 15 years. From that judgment no appeal was taken.

On May 4, 1959, appellee, while a prisoner in custody under the sentence,[5] filed in the District Court a motion to vacate and set aside the judgment and sentence —a motion under 28 U.S.C.A. § 2255.[6] That motion, hereafter called the motion of May 4, 1959, was based on six stated grounds. On May 8, 1959, the District Court entered an order denying, without hearing, the motion of May 4, 1959, in so far as it was based on grounds 1, 2, 3, 4 and 6. From that order no appeal was taken.

On May 11, 1959, the motion of May 4, 1959, in so far as it was based on ground 5, was heard by and submitted to the District Court. On May 15, 1959, the District Court entered an order vacating and setting aside the judgment and sentence, dismissing the information and discharging appellee from custody. This appeal is from that order.

Ground 5 of the motion of May 4, 1959, was "That the sentence is in error for other reasons apparent of record." There was nothing to indicate what the "error" was or what the "reasons" were. Obviously, ground 5 was not a valid or

---

**2.** Section 1153 provides: " * * * As used in this section, the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offense of rape upon any female Indian within the Indian country, shall be imprisoned at the discretion of the court. * * * "

**3.** Section 94–4101 provides:
"Rape defined. Rape is an act of sexual intercourse, accomplished with a female, not the wife of the perpetrator, under any of the following circumstances:
"1. When the female is under the age of eighteen years. * * * "

**4.** Appellee never moved to dismiss the information, nor did he at any time challenge its validity or sufficiency by motion or otherwise.

**5.** Appellee was a prisoner in custody of the warden of the United States penitentiary at Leavenworth, Kansas.

**6.** Section 2255 provides:
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * *

"Unless * * * the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. * * * "

sufficient ground for a motion under § 2255.

However, the motion of May 4, 1959, in so far as it was based on ground 5, was treated by the District Court as a motion based on the ground that the information failed to charge an offense. So treating it, the District Court concluded that the information did so fail. The order appealed from was based on that conclusion.

The motion of May 4, 1959, in so far as it was based on ground 5, was not, and should not have been treated as, a motion based on the ground that the information failed to charge an offense. Nowhere in the motion of May 4, 1959, was any such failure alleged or suggested. Hence the question whether the information failed to charge an offense was not before the District Court and should not have been considered or decided.

The order appealed from should be reversed, and the case should be remanded to the District Court with directions to enter an order denying the motion of May 4, 1959, in its entirety.