**UNITED STATES of America,
Plaintiff,**

**v.**

**Franklin Manuel RED BEAR, Defendant.**

**No. CR 65–2N.**

United States District Court
D. South Dakota, N. D.

Feb. 23, 1966.

Harold C. Doyle, U. S. Atty., Sioux Falls, S. D., for plaintiff.

Carlyle Richards, Aberdeen, S. D., for defendant.

BECK, Chief Judge.

This is a motion to quash and to dismiss the charge contained in the indictment on the ground that it fails to state an offense against the United States, as in substance it is alleged that the defendant, an Indian, in Indian country on August 20, 1964, did aid and abet two other Indians in having and accomplishing an act of sexual intercourse with a female Indian under the age of eighteen, not the wife of either of the assailants, in violation of 18 U.S.C.A. §§ 2(a), 1153 and SDC 13.2801(1) and acts amendatory thereto. These in that order and 1152 are as follows:

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal",

section 1153 to the extent it is material:

"Any Indian who commits against the person or property of another Indian or other person any of the following offenses, * * * rape * * * within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

"As used in this section, the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offense of rape upon any female Indian within the Indian country, shall be imprisoned at the discretion of the court.",

13.2801(1):

"Rape defined. Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator under either of the following circumstances:

(1) Where the female is under the age of eighteen years",

and section 1152:

"Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively."

These sections are explicit on the intent of Congress to leave the definition to the states and with it a compelling conclusion that by amendment, only, could such definition thereafter in any manner be changed.

Rape, on that basis and as it is tied into the federal statute and described in the indictment is no more, no less than * * * an act of sexual intercourse accomplished by an Indian, in Indian country, upon a female Indian under the age of eighteen * * *.

Nevertheless, even as such specificity necessarily must be admitted, it is the position of the defendant under United States v. Jacobs, 113 F.Supp. 203 (D.C. Wis.1953), United States v. Red Wolf, 172 F.Supp. 168 (D.C.Mont.1959), United States v. Rider, 282 F.2d 476 (9 Cir. 1960), and Petition of McCord, D.C., 151 F.Supp. 132, 17 Alaska 162 (1957), that rape means something else, that literal meaning of the definition is to be disregarded, that its true meaning is to be ascertained in the light of the history of common law rape, here and in England and the legislative background in the Congress as it was made one of the ten major crimes.

While rules of construction may be invoked and applied to give meaning to an act, to its language, to results intended, to the intention in the congres-

sional forum and other situations, where obscurity exists and the media of communication leaves room for doubt, it is otherwise, when express terms are used and they are such as to remove the need for extrinsic aid. 15A Words and Phrases, Perm.Ed.1950, p. 542, under maxim "Expressio Unius est Exclusio Alterius" where as for instance in one case it is said that the rule "is especially applicable in the construction and interpretation of statutes. Miller v. Commonwealth, 21 S.E.2d 721, 724, 180 Va. 36", and in another "The doctrine 'expressio unius est exclusio alterius' is not one of universal application, but is to be applied only as an aid in arriving at intention and should not be followed to extent of overriding a different intent. Crancer v. Lowden, C.C.A.Mo., 121 F.2d 645, 649", and in Federal Deposit Ins. Corp. v. Gunderson, 106 F.2d 633 (8 Cir. 1939), on application of rules of construction:

> "Administrative construction by the Comptroller of the Currency is invoked by plaintiff. This argument is based upon the fact that a deputy comptroller, on April 21, 1936, ruled that the stock of a reorganized bank was not stock 'issued' after June 16, 1933, within the meaning of this act. But the statute is clear and unambiguous. In such circumstances there is no occasion to resort to rules which might aid in ascertaining its meaning. Walker v. United States, 8 Cir., 83 F.2d 103; Helvering v. Northwestern Nat. Bank & Trust Co., 8 Cir., 89 F.2d 553; United States v. Missouri P. R. Co., 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322; Louisville & N. R. Co. v. United States, 282 U.S. 740, 51 S.Ct. 297, 75 L.Ed. 672. Neither are we warranted in referring to the legislative history for construction. Walker v. United States, supra. The statute being clear, legislative exposition of its meaning is without force. Committee reports, congressional debates, and other records may not be considered where the words of the statute are unambig-

uous and their meaning clear. United Electric Coal Companies v. Rice, 7 Cir., 80 F.2d 1; United States v. Shreveport Grain & Elev. Co., 287 U.S. 77, 53 S.Ct. 42, 77 L.Ed. 175".

Jacobs, McCord, Red Wolf and Rider dwell not on the maxim or on the restrictions as to when or where rules of construction may be applied. McCord, instead, without such clearance, holds "statutory rape" not within 1153. Likewise Red Wolf, but with a note of uncertainty: "The question is not free from doubt". Rider, also on the Montana statute as in Red Wolf, proceeds to hold the intent to have been to include only acts of common-law rape, not carnal knowledge or statutory rape * * *, but with apparent approval it seems of a comment from Jacobs:

> "It is axiomatic that statutes creating and defining crimes cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute, unless clearly within its terms. There can be no constructive offenses, and before a man can be punished, his case must be plainly and unmistakably within the statute. * * *".
> (Emphasis supplied).

United States v. Davis, 148 F.Supp. 478 (D.C.N.D.1957), appeal dismissed on stipulation, 244 F.2d 717 (8 Cir. 1957), is inconclusive, since not enough facts are reported to evaluate. Martell v. United States, 195 F.2d 439 (8 Cir. 1952), on the other hand, dictum at least, stresses the force of the language in the statutory definition as it is said:

> "The court correctly pointed out in its opinion that whether the crime charged against Martell was accomplished by force or not, it was still rape within the meaning of the applicable law, * * *". (Emphasis supplied).,

and inferentially, in line with the maxim followed in Federal Deposit Insurance, that while intention is paramount, it is as it is expressed with outside aids not permitted to change, modify or amend.

Rape, then, under the state statute, is a specified combination of a physical act committed under certain circumstances and carried back to 1153, since the congressional intent within that section unequivocally left it to the states to define.

 The Congress, as it made rape one of the ten major crimes and in that connection left it to the states to define rape, intended the terminology to be exclusive, since it in the process omitted to instruct the states that common-law rape or carnal knowledge or other common-law elements or exclusion of the statutory or a combination of all or some should be included.

Also, on the intent, delegation with reservations would have been pointless. Uniformity between the states or a trend in that direction, by evolved rules of construction, plainly was not the objective and constructions in conflict with the expressed is neither realistic nor in accord with the limitations, which in conjunction with use, under the cited cases, have been imposed and are to be observed.

The motion to quash and dismiss, accordingly, is denied and it is so ordered.