Upon plaintiff Oliver's application, the Court will consider whether attorney's fees are appropriate.

**William Louis GRAY, Movant-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 76–1146C(4).**

United States District Court, E. D. Missouri, E. D.

Jan. 4, 1977.

William Louis Gray, pro se.

Mark A. Helfers, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for respondent.

---

**7.** The fact that the percentage of blacks in the student body exceeded the percentage of blacks on the faculty may be some indication of discriminatory hiring practices. *Cf. United States v. Hazelwood School Dist. supra.* This figure is significantly less convincing than the small number of black teachers applying for jobs, however. Indeed, defendants' evidence showed that in 55 of the 56 Missouri School Districts with a black student population of more than 5%, the percentage of black teachers was smaller than the percentage of black students. It should be noted that practices of the defendant that constitute part of its hiring history received judicial approval in *Brooks v. School Dist. of Moberly, Missouri,* 267 F.2d 733 (8th Cir. 1959), *cert. denied,* 361 U.S. 894, 80 S.Ct. 196, 4 L.Ed.2d 151 (1959). *See also Mitchell v. West Feliciana Parish School Bd.,* 507 F.2d 662 (5th Cir. 1975).

MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon the motion of William Louis Gray filed pursuant to 28 U.S.C. § 2255. Movant was convicted of a violation of 18 U.S.C. § 2314, specifically that paragraph making it unlawful to transport falsely made, forged, altered or counterfeited securities in interstate commerce. Movant was sentenced to four years' imprisonment. His conviction was affirmed. *United States v. William Louis Gray*, 531 F.2d 933 (8th Cir. 1976).

Movant contends that the actions for which he was convicted are not prohibited by 18 U.S.C. § 2314 and that the indictment was fatally defective. The indictment charges, and the evidence established, that movant caused to be transported in interstate commerce an Ogonoski Funeral Home check payable to movant and signed by Frances Ogonoski. The evidence at trial was that Frances Ogonoski had not authorized the signature, nor had she signed that particular check. The jury could infer from this evidence that the check was forged. This is clearly a violation of 18 U.S.C. § 2314. *Ketchum v. United States*, 327 F.Supp. 768 (D.C.Md.1970).

Movant has cited this Court to *Martyn v. United States*, 176 F.2d 609 (8th Cir. 1949) in which the court held that "checks . . drawn by the defendant in his own name upon a nonexistent bank account in an existing bank" did not constitute a violation of 18 U.S.C. § 2314. The court in *Martyn*, however, was referring to a case of insufficient funds. This is not the case herein, where the evidence at trial tended to show that the signature of Frances Ogonoski was in fact forged. Accordingly, *Martyn* offers no support for movant's position.

Movant further asserts that the indictment fails to state clearly the elements of the crime with which he was charged. Such a claim is not cognizable herein. *United States v. Houser*, 508 F.2d 509 (8th Cir. 1974).

The motion will be denied.