UNITED STATES of America,
Plaintiff-Appellee,

v.

CHICAGO PROFESSIONAL SCHOOLS,
INC., et al., Defendants-Appellants.

No. 13525.

United States Court of Appeals
Seventh Circuit.

May 3, 1962.

Luis Kutner, Chicago, Ill., for appellants. Charlotte W. Ziporyn, Evanston, Ill., of counsel.

James P. O'Brien, U. S. Atty., John P. Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee. D. Arthur Connelly, Asst. U. S. Atty., of counsel.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Doris Irvin also known as Doris Keane, and Chicago Professional Schools, Inc., defendants, have appealed from a judgment of the district court, entered September 27, 1961, denying for want of jurisdiction the defendants' motions to correct or reduce sentence and for a stay of commitment, made pursuant to Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

We heretofore, on April 26, 1961, affirmed the judgment of conviction including the sentences imposed on the defendants herein. 7 Cir., 290 F.2d 285. Thereafter defendant Doris Keane filed a petition for rehearing on May 11, 1961, which we denied on May 18, 1961. On May 24, 1961 she filed a motion to stay mandate, and on May 25, 1961 we stayed the mandate for 45 days. That writ issued from this court to the district court on July 7, 1961 and was filed in the district court on July 10, 1961. Defendants filed a motion to recall the mandate on July 10, 1961 and on July 26, 1961 this court denied said motion.

On August 12, 1961 defendant Irvin filed a second motion to recall the mandate, which was answered by the government, following which we entered an order on September 25, 1961 denying the second motion to recall the mandate.

On September 27, 1961, defendants filed and the district court denied defendants' application for reduction of sentence, supra, which is the judgment appealed from.

Rule 35 of the Federal Rules of Criminal Procedure provides:

"The court may correct an illegal sentence at any time. *The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon*

*affirmance of the judgment* or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari. (Italics supplied.)"

It will be noted that defendants' motion for reduction of sentence was filed on September 27, 1961, which was more than 60 days after July 10, 1961, when the mandate of this court was filed in the district court. In an attempt to avoid the effect of rule 35, defendants argue that the pendency herein of the attempts in this court to recall our mandate had the effect of revesting this court with jurisdiction over the cause and reopened the matter of the appeal during the pendency of said motions and by such actions necessarily tolled the time of the running of the requirement for seeking relief in the district court under rule 35. They argue that as long as the mandate was subject to recall and the judgment of this court was subject to change no relief under rule 35 could be applied for or granted by the district court.

In United States v. Robinson, 361 U.S. 220, 226, 80 S.Ct. 282, 286, 4 L.Ed.2d 259, the court said:

" * * * Similarly, it has been held that a District Court may not reduce a sentence under Rule 35 after expiration of the 60-day period prescribed by that Rule regardless of excuse. United States [ex rel. Quinn] v. Hunter, 162 F.2d 644 (C. A. 7th Cir.). * * * "

Despite this authoritative statement, defendant argues that the following language from rule 45(b) is merely directory: " * * * but the court may not enlarge the period for taking any action under Rules 33, 34, *35*, * * * ". (Italics supplied.)

However, under the holding in Robinson we construe as mandatory the language of rules 35 and 45(b).

In United States ex rel. Quinn v. Hunter, 162 F.2d 644, 647, cited in Robinson, we said, referring to United States v.

Smith, 331 U.S. 469, 473, 67 S.Ct. 1330, 1332, 91 L.Ed. 1610:

"The court in the recent Smith case, supra, held that the trial court was empowered to grant new trials only within the time limit fixed by Rule 33. The same reasoning leads us to the view that the court is empowered to correct or modify a sentence only within the time limit fixed by Rule 35."

We are forced to conclude that by none of the proceedings in this court was the time fixed by rule 35 tolled for the filing of defendants' application for reduction of sentence under rule 35, and that therefore the district court did not err in entering the judgment from which defendants have appealed.

Judgment affirmed.