James Lanyon KILLGORE, Appellant,

v.

Olin G. BLACKWELL, Warden, United States Penitentiary, Lewisburg, Pennsylvania, Appellee.

No. 14740.

United States Court of Appeals Third Circuit.

Submitted March 19, 1964.

Decided May 1, 1964.

Rehearing Denied July 7, 1964.

Mr. James Lanyon Killgore, pro se.

Bernard J. Brown, U. S. Atty., Lewisburg, Pa. (Harry A. Nagle, Asst. U. S.

Atty., Lewisburg, Pa., on the brief), for appellee.

SMITH, Circuit Judge.

On December 18, 1958, the appellant was convicted on his plea of guilty to each of ten counts of an indictment charging him with violations of § 2314 of Title 18 U.S.C.A., to wit, the interstate transportation of falsely made and forged securities. The offenses were alleged to have occurred between August 7 and 18, 1958, after the defendant had attained his twenty-second birthday. The maximum term of imprisonment for each offense was ten years. On February 16, 1959, the appellant was sentenced to the custody of the Attorney General for treatment and supervision under the provisions of the Federal Youth Corrections Act, and particularly § 5010(b) of Title 18 U.S.C.A. The maximum term of imprisonment thereunder was six years, at the end of which the appellant would have been entitled to his unconditional release, 18 U.S.C.A. § 5017(c). However, he was subject to conditional release earlier.

On August 15, 1961, after serving approximately thirty months of the original sentence, the appellant was released conditionally under supervision. While at large he violated the terms of his conditional release, and on January 26, 1962, was apprehended and recommitted. On September 22, 1962, he filed a "petition for writ of habeas corpus" seeking his immediate release on the ground that the original sentence was illegal. He urged that since he was more than twenty-two years of age at the time the offenses were committed, the court improperly invoked the sentencing procedures available under the Federal Youth Corrections Act. The court treated the petition as an application for relief under 28 U.S.C.A. § 2255. Since it appeared from the allegations of the petition that the appellant was not entitled to immediate release even if the sentence had been invalid the petition should have been treated as a motion for correction of an illegal sentence under rule 35, Fed.Rules Cr.

Proc., 18 U.S.C.A. We shall here regard the petition as having been so treated.

The matter came on for hearing, and on September 27, 1962, the court filed a memorandum in which it held that the original sentence was void. The reasons upon which this holding was predicated are hereinafter discussed. The original sentence was vacated and, on October 19, 1962, the court, taking into consideration the time already served by the appellant, sentenced him to a definite term of imprisonment of two years and three months. The action resulted in a substantial reduction in the maximum term of imprisonment. The appellant's appeal from the judgment was withdrawn.

On November 8, 1963, appellant filed another petition for habeas corpus seeking immediate release on the ground that his present sentence, less the time deductible under §§ 4161 and 4162 of Title 18 U.S.C.A., had expired. He contended in the court below, as he contends here, that the time deduction he could have earned under a valid sentence for a definite term should be credited against his present sentence. The court found that the contention was without merit and thereupon denied the petition. The present appeal followed.

However, we do not reach the issue raised on this appeal because we are met at the outset with a question as to the jurisdiction of the district court to vacate the original sentence and impose a new one. We are required to take cognizance of the question even though it was not raised in the court below and is not raised here. United States v. Bradford, 194 F.2d 197, 200 (2nd Cir. 1952), cert. den. 343 U.S. 979, 72 S.Ct. 1079, 96 L.Ed. 1371; Martyn v. United States, 176 F.2d 609, 610 (8th Cir. 1949), cf. United States v. Rider, 282 F.2d 476, 478 (9th Cir. 1960). If the district court lacked the jurisdiction to vacate the original sentence then the new one imposed is a nullity.

The legality of the original sentence is dependent upon the applicability of § 4209 of Title 18 U.S.C.A., which be-

came effective on August 25, 1958, approximately four months prior to the appellant's conviction. The pertinent provisions of the section read as follows:

"In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday *at the time of conviction*, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background * * * and such other factors as may be considered pertinent, the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such Act." (Emphasis supplied).

It sufficiently appears from the transcript of the sentencing proceedings that Judge Murphy, now deceased, after taking into consideration the background of the appellant and other factors, determined that the appellant would benefit from the treatment available under the Federal Youth Corrections Act. This determination was a prerequisite to his invoking § 4209, supra.

The legality of the sentence was challenged in the appellant's initial application to the district court, filed approximately two and a half years after sentence had been imposed. The court held that since the offenses of which the appellant was convicted were committed prior to August 25, 1958, the effective date of § 4209, the section was not applicable and that the sentence was therefore void. This holding was arrived at by reading into the section a restrictive provision contained in the Federal Youth Corrections Act, 18 U.S.C.A. § 5022, which became effective on September 30, 1950. This was error.

■ The Federal Youth Corrections Act, 18 U.S.C.A. §§ 5005–5024, was enacted as an amendment "of title 18 of the United States Code" and was designated as Chapter 402. 64 Stat. 1085–1090. Section 5022 thereof, upon which the district court relied, contains the following provision: *"This chapter* shall not apply to any offense committed before its enactment." (Emphasis supplied.) It seems reasonably clear from this unambiguous language that the restriction is applicable only to those sections within Chapter 402 and no other chapter of the Criminal Code.

■ Section 4209, supra, was new and independent legislation enacted as an amendment to "chapter 311 of title 18, United States Code"; 72 Stat. 846. The section authorizes the district court to invoke the optional sentencing procedures available under the Federal Youth Corrections Act, when in its judgment, and upon the specific finding therein required, such procedures should be employed. The section was not made subject to the restrictive provision contained in § 5022, supra. The only test as to the applicability of § 4209 is the age of the defendant "at the time of conviction." It is clear from the record that the appellant at the time of his conviction had attained his twenty-second birthday but had not attained his twenty-sixth birthday and therefore § 4209 was applicable. The original sentence imposed on February 16, 1959, was therefore valid.

■ The right of the district court to correct an illegal sentence or to reduce a valid sentence is governed by rule 35, supra, which reads as follows:

"The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

While under this rule the court may vacate and correct an illegal sentence at any time, it may not take any action the effect of which is to reduce a valid sentence except within the period prescribed. United

States v. Robinson, 361 U.S. 220, 226, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); United States v. Chicago Professional Schools, Inc., 302 F.2d 549, 550 (7th Cir. 1962); United States v. Hunter, 162 F.2d 644, 647 (7th Cir. 1947). Since the original sentence, imposed upon the appellant more than two years prior to the action taken by the court on September 27, 1962, was valid, the district court was without jurisdiction to vacate it and impose a new sentence. Ibid.

This action will be remanded to the district court with directions to vacate the sentence imposed on October 19, 1962, and to reinstate the original sentence imposed on February 16, 1959.