**William Earl BAYSDEN, Petitioner,**
**v.**
**UNITED STATES of America,**
**Respondent.**
**Crim. No. 7168.**

United States District Court
E. D. North Carolina,
New Bern Division.
March 2, 1965.

See also, 213 F.Supp. 623.

J. Harvey Turner, Kinston, N. C., for petitioner.

Robert H. Cowen, U. S. Atty., by John R. Hooten, Asst. U. S. Atty., for respondent.

LARKINS, District Judge.

## SUMMARY

This cause comes before the Court upon a petition filed November 30, 1964 for hearing on a motion for reduction of sentence by a criminal defendant, by and through his privately retained attorney. This motion is made pursuant to the provisions of Rule 35, Federal Rules of Criminal Procedure, petitioner contending the same being filed in apt time.

On May 22, 1962, the petitioner was sentenced by this Court, upon his plea of guilty, to prison sentences totaling fifteen (15) years, and fines were levied totaling Fifteen Thousand Dollars ($15,-000.00), the defendant to stand committed for the non-payment thereof. Petitioner was sentenced, along with four co-defendants, in a five-count bill of indictment for offenses against the United States, all relating to counterfeiting, possessing falsely issued securities of the United States, and conspiracy relating thereto.

Subsequent to the 22nd day of May, 1962, various letters were directed to the Court's attention and the petitioner contends that these were motions for reduction of sentence and that they were made in apt time; that they have never been ruled upon, and that they are still pending before this Court.

## FINDINGS OF FACT

A close scrutiny of the files, records and correspondence involved in this cause indicates the following letters were written and received during the sixty-day period following the imposition of sentence:

1. A letter from W. E. Baysden dated Sunday, June 10, 1962, received by the Court June 14, 1962, in which petitioner requested the Court, "to reduce the time of my imprisonment and final plea."

2. A letter from W. E. Baysden dated June 13, 1962 in which he stated, "I will be so grateful to you for any consideration you may see fit to do." On June 25, 1962 the Court acknowledged receipt of both letters and advised the petitioner that the Court could not find any good reason to grant a reduction in the sentences imposed on May 22, 1962.

3. A letter from Miss Edna Earle Baysden dated 7–18–62 postmarked, however, June 25, 1962—Jacksonville, N. C., to which the Court replied on July 3, 1962 and specifically and categorically denied the relief sought for a reduction in sentence.

4. A letter from the petitioner dated 6–28–62 in which petitioner requested the Court to "reconsider my sentence and just give me one more chance."

5. Petitioner addressed a letter to the Court, dated July 18, 1962, which was in apparent reference to information petitioner had to offer the Court concerning the case, but was not relevant to the question at hand. The Court answered the letter on August 2, 1962 but made no reference to a reduction of sentence, that question not being pertinent to the content of petitioner's letter.

On December 6, 1962, petitioner filed a petition under Title 28 U.S.C.A. § 2255 to vacate and set aside his sentence and/or modification, this petition being denied on January 8, 1963 without hearing. Petitioner appealed to the Fourth Circuit Court of Appeals from this Order denying his motion and the Court of Appeals affirmed the decision of the District Court on January 9, 1964.

The petition to vacate and set aside sentence was filed after the alleged letters were mailed to the Court seeking a reduction in the sentence imposed by the Court.

## CONCLUSIONS OF LAW

█ The petitioner contends that this Court has jurisdiction to reduce sentence even after the time prescribed by Rule 35, Federal Rules of Criminal Procedure has expired, so long as the requests have been placed before the Court within the sixty-day period prescribed by the rule.

Rule 35 provides:

"The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for writ of certiorari."

Rule 35 is to be read in conjunction with Rule 45(b) of the Federal Rules of Criminal Procedure entitled "Enlargement"; this latter section indicates how the Court is to apply Rule 35. It also indicates whether the time limitation of 60 days is mandatory in limitation, or merely directory upon the Court. Rule 45(b) provides, in pertinent part:

" \* \* \*; but the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period of taking an appeal." (It is to be noted that no other Rules are applicable to the question at hand).

In support of Rule 45(b), and the Court's interpretation that its limitation on the enlargement of time is mandatory, see United States v. Chicago Professional Schools, Inc., 302 F.2d 549 (7th Cir., 1962); and United States v. Robinson, 361 U.S. 220, 225–226, 80 S.Ct. 282, 4 L. Ed.2d 259 (1960), wherein the contention was expressly repudiated that the rules applicable to limitation of time in which the Court could reduce judgment was directory only.

For other recent decisions holding that the sixty-day time limit set forth in Rule 35 may not be enlarged, see Urry v. United States, 316 F.2d 185 (10th Cir., 1963); and Killgore v. Blackwell, 332 F.2d 585 (3rd Cir., 1964).

The Court, in light of these decisions, is compelled to conclude that it cannot now reduce petitioner's sentence and cannot enlarge its power to do so merely by withholding a request for an extended period of time. Such a result would defeat the express purpose of the limitation. United States v. Robinson, 361 U. S. 220, 225–226, 80 S.Ct. 282, supra.

█ From the facts before the Court, no authority has been cited nor found upon which the Court can exercise this withholding power. It is clear that petitioner cannot now submit a motion for reduction of sentence and expect this Court to assert jurisdiction. Such a result would not only defeat the purpose of the sixty-day limitation, but it would be directly contrary to the express language of the rules and decisions.

It is noted that this motion is not based on the contentions that the sentences in question were imposed in excess of that authorized by statute, but is addressed to the Court's discretion. See Flores v. United States, 238 F.2d 758 (9th Cir., 1958); and Beitel v. United States, 306 F.2d 665 (5th Cir., 1962).

In order to lay this matter to rest, and to maintain the continuity of previous court determinations (if the Court has discretion to do so), the Court shall exercise its discretion and deny the motion for reduction of sentence and allow respondent's motion to dismiss.

## ORDER

Therefore, it is ordered that the motion for reduction of sentence be, and the same is hereby denied.

It is further ordered that the respondent's motion to dismiss be, and the same is hereby allowed.