**UNITED STATES of America**

v.

**Geane DOBY.**

**Crim. No. HCR 86–65.**

United States District Court,
N.D. Indiana,
Hammond Division.

Oct. 6, 1986.

---

David Capp, Asst. U.S. Atty., N.D. Ind., Hammond Div., Hammond, Ind., for plaintiff.

Michael B. Cohen, Chicago, Ill., for defendant.

## ORDER

MOODY, District Judge.

This matter is before the court on "Defendant's Motion to Recuse" filed by defendant Geane Doby on October 1, 1986. The United States of America (government) filed a response later that same day.[1]

### I.

On July 9, 1986, Geane Doby appeared before Magistrate Andrew P. Rodovich in response to an indictment charging Doby with six counts of violating federal firearms statutes, 18 U.S.C. § 922(a)(1), 26 U.S.C. §§ 5861(d) and (e), and 18 U.S.C. App. 1202(a)(1). Doby was released on $1,000 cash bond. At the arraignment on July 16, 1986, the government filed a Motion for Revocation of Release and for Detention. Magistrate Rodovich conducted a hearing on the motion and, finding that Doby had violated the terms and conditions of his release on bond, the Magistrate revoked Doby's bond and remanded him to federal custody.

On July 23, 1986, Doby objected to the Magistrate's order by filing a motion to reconsider the decision to revoke his bond. The government filed in opposition to Doby's motion to reconsider on July 30, 1986. This court, on July 31, 1986, after conducting a *de novo* review of the Magistrate's order, Fed.R.Civ.P. 72(b), upheld the decision to revoke Doby's bond.

At a hearing[2] conducted in this case on Friday, September 26, 1986, Michael Cohen, co-defense counsel for Doby, requested leave of the court to file a motion for

---

1. This expedited schedule was made necessary because of the late filing of Doby's recusal motion.

2. The September 26, 1986 hearing was held primarily for the purpose of determining exactly who was the authorized attorney for Doby. It appears that since the beginning of this case in June of 1986, Doby has had no less than four different attorneys.

recusal. The court noted that trial was scheduled to begin the following Monday and Mr. Cohen explained that he had only just recently entered his appearance on behalf of Doby and had not had an opportunity to bring the motion sooner. Mr. Cohen briefly summarized the grounds for the recusal motion by stating that he believed the court's order upholding Magistrate Rodovich's decision to revoke Doby's bond demonstrated personal bias or prejudice on the part of this court. The court granted Mr. Cohen leave to file the motion and, by order filed September 26, 1986, the court gave Mr. Cohen until September 29, 1986 to file his motion and the government was to file its response by 12:00 noon the following day.[3]

September 29 came and went without any filing by Mr. Cohen as ordered by the court. Likewise, on September 30, Mr. Cohen failed to make any filing with either this court or the clerk's office in this regard. Then on October 1, 1986, the court received a letter from Mr. Cohen, postmarked September 30, containing the motion for recusal.

## II.

Doby's motion was made pursuant to 28 U.S.C. §§ 144 and 455. The court first considers Doby's motion under Section 144.

### A. Section 144

Section 144 requires a judge to recuse himself if a party files a timely and sufficient affidavit that the judge has "a personal bias or prejudice" against him.[4] The law is well settled that one must raise the disqualification of a judge at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification. *United States v. Patrick,* 542 F.2d 381, 390 (7th Cir.), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1976); *United States v. Gigax,* 605 F.2d 507 (10th Cir.1979); *United States v. Bennett,* 539 F.2d 45 (10th Cir.1976); *Satterfield v. Edenton-Chowan Board of Education,* 530 F.2d 567 (4th Cir.1975). Promptness in asserting disqualification is required to prevent a party awaiting possible adverse determination of his claim. *Duplan Corp. v. Deering Milliken, Inc.,* 400 F.Supp. 497 (S.C.1975).

In this case, according to Doby's motion, the facts that allegedly demonstrate personal bias on the part of the court occurred on July 31, 1986, when the court upheld the decision to revoke Doby's bond. The motion for recusal, filed on October 1, 1986, comes over two months after the court's decision. However, the court granted Mr. Cohen leave to file the motion at this late date, thus, the court finds that the motion is timely.[5]

---

**3.** Because the trial was scheduled to begin on September 29, 1986, the court also ordered the trial date continued to October 6, 1986.

**4.** Section 144 reads in its entirety:
Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed not further therein, but another judge shall be assigned to hear such proceeding.
The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

**5.** The court makes this finding despite the fact that Mr. Cohen failed to comply with the court's grant of additional time to file. The motion was due on September 29 but was not actually filed and received by the court until October 1, two days late. The court now admonishes Mr. Cohen for failing to comply with the court's scheduling order. By bringing his motion so late, Mr. Cohen has caused inconvenience for both this court and other parties not involved in this case. The court was forced to postpone and reschedule the original trial date which, in turn, caused rescheduling of other cases on the court's docket. Mr. Cohen did not offer any explanation for his late filing.
Normally, such cavalier disregard for the orders of this court and the convenience of other parties would constitute grounds for dismissal of a motion. However, the court, in an effort to do substantial justice, Fed.R.Civ.P. 8(f), reaffirms its finding that the recusal motion is timely and will proceed to consider it on its merits.

In ruling on a motion to recuse the court must accept as true all of the facts stated in the affidavit, and must not inquire into the facts alleged, even if it knows them to be false. *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir.), *cert. denied,* ⸺ U.S. ⸺, 106 S.Ct. 1490, 89 L.Ed.2d 892 (1985); *United States v. Jeffers*, 532 F.2d 1101, 1112 (7th Cir.1976), *aff'd in part and vacated in part,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). However, the factual averments in the affidavit must show that the bias is personal rather than judicial. *Balistrieri,* 779 F.2d at 1199; *United States v. Patrick,* 542 F.2d 381, 390 (7th Cir.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977). Moreover, the affidavit must show that the judge's personal bias "stems from an extrajudicial source— some source other than what the judge has learned through participation in the case." *Balistrieri,* 779 F.2d at 1199 (citing *United States v. Grinnell Corp.,* 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)).

In the case at bar, Doby's affidavit is legally insufficient because it fails to refer to any *extrajudicial* facts or events which might serve to bias this court. Doby's affidavit states in full:

1. My name is Geane Doby and I am the defendant in the instant action.

2. I was charged in a 6 count indictment dealing with firearms.

3. I appeared before the United State's Magistrate on July 9, 1986 and had bond posted on my behalf in the amount of $1,000.00 cash.

4. On July 16, 1986 I was arraigned and pleaded not guilty. On that very same date the Government filed a motion to revoke my bond.

5. The reason for its filing the motion to revoke was that I had previously been wounded by a firearm.

6. Two individuals were involved in some type of argument and when one of the individuals started to shoot at the other, I was accidentally wounded.

7. After a hearing in which I testified, the Magistrate told me that he believed I was hiding something and in any event, in essence, I shouldn't have been around such undesireables so he was going to revoke my bond, which he did.

8. I assume that this Court reviewed the recording of my bond, revocation hearing and must be prejudiced against me when it held that the order of detention was properly granted.

Doby's affidavit merely relates information that was presented to Magistrate Rodovich during the bond revocation hearing. Not only does it fail to cite to any extrajudicial facts, the affidavit actually alleges, which the court must accept as true, in paragraph 8 that the court limited its review to the recording of the hearing before the Magistrate. Therefore, because the affidavit fails to refer to any *extrajudicial* facts or events, the court finds that the affidavit is legally insufficient.

### B. Section 455

Section 455 is the comprehensive federal recusal statute. Section 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be question." 28 U.S.C. § 455(a). Section 455(b) details several different circumstances wherein a judge must disqualify himself. Section 455(b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Here, Doby contends that this court should recuse itself under § 455(a) and under § 455(b)(1).

#### 1. Section 455(b)(1)

Recently, the Seventh Circuit Court of Appeals, in *United States v. Balistrieri,* 779 F.2d 1191 (7th Cir.), *cert. denied,* ⸺ U.S. ⸺, 106 S.Ct. 1490, 89 L.Ed.2d 892 (1985), held that the standard for § 455(b)(1) was identical to § 144:

The phrase "personal bias or prejudice" echoes the language of § 144, and there is authority that the phrase has the same meaning in both statutes. *E.g. United States v. Olander,* 584 F.2d 876, 882 (9th Cir.1978). We see no reason to doubt this; consequently, we shall review judicial interpretations of "personal bias or

prejudice" under § 144 as equally applicable to § 455(b)(1). In particular, we think that the interpretation of "personal" as meaning "extrajudicial" applies equally to § 455(b)(1). *Accord in re International Business Machines Corp.*, 618 F.2d 923, 928 (2d Cir.1980).

*Id.* at 1202.

Therefore, because Doby did not refer to extrajudicial facts or events in his affidavit, or in any other filing, the court finds that there is no need for it to disqualify itself under § 455(b)(1).

### 2. Section 455(a)

Section 455(a) is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process. *Balistrieri*, 779 F.2d at 1204; *see also*, H.R.Rep. No. 93–1453, 93rd Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Ad. News 6351, 6354–55. Section 455(a) "is directed against the *appearance* of partiality, whether or not the judge is actually biased." *Balistrieri*, 779 F.2d at 1204 (citing *United States v. Murphy*, 768 F.2d 1518, 1540 (7th Cir.1985) and *SCA Services, Inc. v. Morgan*, 557 F.2d 110, 116 (7th Cir.1977)).

In the case at bar, Doby has failed to submit *any* evidence that would reasonably call into question this court's impartiality. Doby's affidavit, as quoted earlier, does not refer to any such evidence.

In the motion for recusal, Mr. Cohen contends that by "affirming a decision that one's freedom should be taken from him because he was shot ([Doby] didn't possess a firearm, use a firearm or violate any law) shows that this Court is prejudiced either against this defendant and/or 'firearm cases.'" This contention is clearly erroneous.

The court's order affirming the Magistrate's decision specifically held that there was probable cause to believe that Doby committed a federal crime while on release on bond. At the revocation hearing, there was testimony presented by an Alcohol, Tobacco and Firearms agent that Doby was in fact in possession of a firearm and actually shot at one William Toodle.

Under 18 U.S.C. § 3148(b), a judicial officer must revoke the previous order of release if the judicial officer finds, after a hearing, that there is probable cause to believe that the person has committed a federal crime while on release. Title 28 U.S.C. § 1202(a)(1) prohibits possession of a firearm by a convicted felon. Because the court found that there was probable cause to believe that Doby violated a federal statute, the court upheld the Magistrate's decision to revoke Doby's bond.

The court now reaffirms its earlier decision and finds that there are no grounds for reasonably questioning this court's impartiality.

### CONCLUSION

It is therefore ORDERED that Doby's Motion to Recuse is hereby DENIED.