**UNITED STATES of America**

v.

**James E. WHEELER.**

**Crim. No. HCR 84-40.**

United States District Court,
N.D. Indiana,
Hammond Division.

Oct. 15, 1986.

Patrick D. Hansen, Asst. U.S. Atty., Hammond, Ind., for U.S.

Irwin Levin and Thomas Blackburn, Indianapolis, Ind., for Wheeler.

## ORDER

MOODY, District Judge.

This matter comes before the court on petitioner James E. Wheeler's Motion for Correction of Sentence, filed September 10, 1986 pursuant to Fed.R.Crim.P. 35. The petitioner was convicted of receipt by a convicted felon of a firearm shipped in interstate commerce, a violation of 18 U.S.C. § 922(h)(1). In his motion, to which the government responded on September 26, 1986, the petitioner asks that his sentence be vacated and that this cause be remanded for resentencing.

### I.

Petitioner Wheeler was sentenced on July 12, 1985 to five years in prison for his violation of 18 U.S.C. § 922(h)(1). The petitioner appealed his conviction to the Court of Appeals for the Seventh Circuit, raising the following issues: (1) misapplication of burden of proof at his suppression hearing; (2) lack of particularized reasonable suspicion to warrant a *Terry* stop; (3) ineffective assistance of counsel; (4) prosecutorial misconduct in closing argument remarks; and (5) error in the court's failure to tender a justification defense instruction. The petitioner's conviction was affirmed in all respects by the Seventh Circuit Court of Appeals on August 22, 1986. *United States v. Wheeler*, 800 F.2d 100 (7th Cir.1986).

Wheeler then filed this motion, alleging that his sentence was imposed in an illegal manner under the holding of *United States v. Spudic*, 795 F.2d 1334 (7th Cir.1986). The court in *Spudic* held improper the use of an ex parte sentencing council, consisting of the judge and several probation officers, to determine appropriate sentences for various defendants.[1] 795 F.2d at 1344. Petitioner Wheeler now claims that his sentence was imposed pursuant to the sentencing council procedure and should be vacat-

ed. In response the government contends that *Spudic* does not require vacation of sentence in every instance and that *Spudic* should be applied only prospectively.[2]

### II.

Petitioner Wheeler alleges that his sentence was imposed in an illegal manner, a characterization not challenged by the government. Fed.R.Crim.P. 35 authorizes correction of both illegal sentences and sentences imposed in an illegal manner. However, under Fed.R.Crim.P. 35(a), the Court "may correct an illegal sentence at any time" but a motion to correct a sentence imposed in an illegal manner must be made "within 120 days after the sentence is imposed ... or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment." Fed.R.Civ.P. 35.

An illegal sentence is narrowly defined as one which is in excess of the statutory maximum punishment, imposes multiple punishments for the same offense, or the terms of which are otherwise legally or constitutionally invalid. *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472–73, 7 L.Ed.2d 417 (1962); *United States v. Huss*, 520 F.2d 598, 602 (2d Cir. 1975). Rule 35(a) motions to correct illegal sentences may not be used to "reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence". *Hill*, 368 U.S. at 430, 82 S.Ct. at 472. *See also United States v. Scherer*, 673 F.2d 176, 178 n. 3 (7th Cir.), *cert. denied*, 457 U.S. 1120, 102 S.Ct. 2935, 73 L.Ed.2d 1334 (1982). The sentencing error that the petitioner raises in the present case does not fall within the Supreme Court's definition of an "illegal sentence" in *Hill*. Rather, as the petitioner alleges, he is claiming that the court imposed his criminal sentence in an illegal manner. Be-

---

1. The *Spudic* opinion rejected only meetings between the judge and probation officers other than the one who prepared the presentence report. Ex parte meetings between the assigned probation officer and the sentencing judge continue to be valid. *Spudic*, 795 F.2d at 1343.

2. *Spudic* was decided on July 11, 1986. Because this court holds that *Spudic* should not apply retroactively to this petitioner, it does not reach the issue whether vacation of sentence is the proper remedy in all cases where a sentencing council was improperly used.

cause the petitioner filed this motion within 120 days after the disposition of his appeal, he has met the timing requirements of Rule 35(b).

■ Because the *Spudic* court rejected the sentencing council procedure, this court must decide whether the holding of *Spudic* should apply retroactively to petitioner Wheeler. The United States Supreme Court established in *Linkletter v. Walker*, 381 U.S. 618, 636, 85 S.Ct. 1731, 1741, 14 L.Ed.2d 601 (1965), the criteria to be applied when determining whether a constitutional ruling of criminal procedure should be applied retroactively. The court should consider: (1) the purpose of the ruling sought to be applied; (2) the extent of reliance placed on prior law; and (3) the effect on the administration of justice of applying the new ruling retroactively. 381 U.S. at 636, 85 S.Ct. at 1741. The court must apply the same criteria in nonconstitutional criminal procedure rulings.[3] *Halliday v. United States*, 394 U.S. 831, 832, 89 S.Ct. 1498, 1499, 23 L.Ed.2d 16 *reh'g denied*, 395 U.S. 971, 89 S.Ct. 2106, 23 L.Ed.2d 761 (1969); *Lawary v. United States*, 599 F.2d 218, 223 n. 7 (7th Cir.1979).

A court should first evaluate the new ruling to determine whether retroactive effect will further or retard the purpose to be served. *Williams v. United States*, 401 U.S. 646, 652, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388 (1971); *Desist v. United States*, 394 U.S. 244, 249, 89 S.Ct. 1030, 1033–34, 22 L.Ed.2d 248 (1969). Retroactive operation is most appropriate where the purpose is designed to enhance the reliability of criminal trials. *Solem v. Stumes*, 465 U.S. 638, 643, 104 S.Ct. 1338, 1341–42, 79 L.Ed.2d 579 (1984); *Mackey v. United States*, 401 U.S. 667, 674–75, 91 S.Ct. 1160, 1164–65, 28 L.Ed.2d 404 (1971).

The court in *Spudic* stated that the use of the sentencing council did not create actual abuses in the sentencing procedure. On the contrary, it acknowledged the council's "conscientious effort to determine appropriate and fair sentences." 795 F.2d at 1343. It held the ex parte procedure improper, however, because of the "concern and doubts which it can understandably foster in the minds of defendants, their counsel and the public." *Id.*

■ The purpose of maintaining neutral appearances for litigants and the public cannot be served by applying the *Spudic* holding retroactively. The *Spudic* court expressed its confidence in the sentences that were actually imposed during the period sentencing councils were utilized. Imposing the same sentences under a more neutral procedure will have little effect on the litigants' or the public's perception of the justice system. Vacating past sentences and resentencing defendants in the name of *Spudic* therefore would be a meaningless formality. The purposes of *Spudic* will be adequately served by avoiding the use of sentencing councils in the future.

■ The second factor, extent of reliance on prior law, also warrants prospective application of *Spudic*. The government has supplied estimates of the number of defendants in the Northern District of Indiana who were sentenced under the former procedure.[4] Without passing on the accuracy of those estimates, this court acknowledges that sentencing councils were in widespread use by judges of this district prior to the *Spudic* ruling. A substantial number of defendants therefore would have standing to attack their sentences if *Spudic* was applied retroactively.

---

3. In *Spudic*, the Seventh Circuit Court stated that the petitioner's attacks on the sentencing council procedure were constitutionally grounded. 795 F.2d at 1342. The court, however, appeared to rest its decision solely on Fed.R. Crim.P. 32 and not on constitutional grounds. 795 F.2d at 1343–44.

4. The government estimates that one hundred twenty five defendants who were sentenced un-

der the prior procedure remain incarcerated. However, because of the 120 day limit on Rule 35(b) motions, the actual number of challenges under *Spudic* would be lower. The court has no jurisdiction to consider an untimely motion under Fed.R.Crim.P. 35(b). *United States v. Chicago Professional Schools, Inc.*, 302 F.2d 549, 550 (7th Cir.1962); *Ramsey v. United States*, 448 F.Supp. 1264, 1279 (N.D.Ill.1978).

Regardless of the number of petitioners who could challenge their sentences via *Spudic,* the burden on the justice system would far outweigh any benefits that might be derived by applying *Spudic* retroactively. Even if few defendants could utilize such a holding and the resulting burden was minimal, fair and appropriate sentences have already been imposed. The potential benefits of retroactive operation therefore would be negligible. In addition, the factors of reliance on prior law and judicial burden are to be heavily relied on "only when the purpose of the rule in question [does] not clearly favor either retroactivity or prospectivity." *Desist,* 394 U.S. at 251, 89 S.Ct. at 1035. As discussed above, the purpose of the *Spudic* ruling clearly favors prospectivity.

Petitioner Wheeler's motion is not aided by the fact that his conviction was pending direct review when *Spudic* was decided. The United States Supreme Court has repeatedly held that the date of conduct controls, not the date of prosecution or appeal. Decisions that are to be applied prospectively are not to be applied to appeals pending on the date of the decision. *Williams,* 401 U.S. at 656–57, 91 S.Ct. at 1154–55; *Desist,* 394 U.S. at 252–54, 89 S.Ct. at 1635–37; *Johnson v. New Jersey,* 384 U.S. 719, 732–33, 86 S.Ct. 1772, 1780–81, 16 L.Ed.2d 882 *reh'g denied,* 385 U.S. 890, 87 S.Ct. 12, 17 L.Ed.2d 121 (1966).

In this case petitioner Wheeler was sentenced one year prior to the *Spudic* decision. In addition, the petitioner did not raise the sentencing council issue on appeal. His sentence therefore should stand and *Spudic* should be applied only to cases in which the sentencing procedure occurred after July 11, 1986.

## CONCLUSION

The criteria established by the Supreme Court dictate that the holding of *United States v. Spudic,* 795 F.2d 1334 be applied prospectively only. Because petitioner Wheeler was sentenced prior to July 11, 1986, his Motion for Correction of Sentence is hereby DENIED.