**UNITED STATES of America**

v.

**Geane DOBY.**

**No. HCR 86–65.**

United States District Court,
N.D. Indiana,
Hammond Division.

Jan. 8, 1987.

David Capp, Asst. U.S. Atty., Hammond, Ind., for U.S.

Geane Doby, pro se.

ORDER

MOODY, District Judge.

This matter is before the court on various motions and affidavits filed by defendant Geane Doby on December 17, 1986. The motions include a "Motion to Withdraw Plea of Guilty," a "Motion for Corrected

Sentence," and a "Motion for Appointment of Counsel." After due consideration, the court finds that Doby's three motions should be DENIED.

## I.

### BACKGROUND

On June 20, 1986, Doby was indicted on six counts of violating federal firearm statutes, 18 U.S.C. § 922(a)(1), 26 U.S.C. §§ 5861(d), (e), and 5871, and 18 U.S.C. App. § 1202(a)(1). Doby pleaded guilty to two counts in open court on October 6, 1986. Doby's guilty plea was the result of a plea agreement entered into between himself and the government and filed with the court on October 1, 1986. After lengthy and detailed questioning of Doby, his attorney and the Assistant United States Attorney, the court, pursuant to Fed.R.Crim.P. 11(f), satisfied itself there was a sufficient factual basis for Doby's plea of guilty. The court, on October 6, 1986, 648 F.Supp. 1119, entered a judgment of guilty against Doby on Counts I and III of the indictment. The court neither accepted nor rejected the plea agreement at that time; instead, the court took the matter under advisement until it was able to hear from the Probation Department through its Presentence Report.

On November 21, 1986, a disposition hearing was held in this case at which the court accepted the plea agreement between Doby and the government. The court then sentenced Doby to five years on Count I and five years on Count III, with the provision that the two sentences run consecutively, resulting in a total sentence of ten years' imprisonment.

## II.

The basis for each of Doby's three motions is the same—he maintains that his understanding of the plea agreement was that any sentences imposed by the court would run concurrently rather than consecutively. The court will address Doby's three motions separately.

### A.

### Motion for Corrected Sentence

Doby seeks to have his sentence reduced or corrected under Fed.R.Crim.P. 35 because he claims his attorney misled him on the potential length of his sentence. By way of affidavit Doby states:

> [His attorney] advised him prior to the signing of the 'plea agreement' that the Government would seek two terms of five years each, to run *concurrently*. That had I known that I would receive an aggregate sentence of ten years, I would have proceeded to trial. That I was intentionally misled by my attorney, [Matthew L.] Moran, and induced to enter this 'plea' without the full benefit and knowledge of the 'plea.' (emphasis in original).

#### 1. *Rule 35 Motion*

As a threshold matter, the court notes that the argument put forth by Doby is technically not appropriate for a Rule 35 motion. Rule 35(a) authorizes a court to correct both illegal sentences and sentences imposed in an illegal manner, *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *United States v. Huss*, 520 F.2d 598 (2d Cir.1975), while 35(b) empowers a court, in exercise of its discretion and leniency, to reduce an otherwise valid sentence, *Shraiar v. United States*, 736 F.2d 817 (1st Cir.1984); *United States v. Hooton*, 693 F.2d 857 (9th Cir.1982).

An illegal sentence is narrowly defined as one which is in excess of the statutory maximum punishment, imposes multiple punishments for the same offense, or the terms of which are otherwise legally or constitutionally invalid. *Hill*, 368 U.S. at 430, 82 S.Ct. at 472; *Huss*, 520 F.2d at 602; *United States v. Wheeler*, 645 F.Supp. 250, 252 (N.D.Ind.1986). Rule 35(a) motions to correct illegal sentences may not be used to "reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill*, 368 U.S. at 430, 82 S.Ct. at 472; *see also United States v. Scherer*, 673 F.2d 176, 178 n. 3 (7th Cir.),

*cert. denied,* 457 U.S. 1120, 102 S.Ct. 2935, 73 L.Ed.2d 1334 (1982).

▪ The sentencing error alleged by Doby in the instant action does not fall within the Supreme Court's definition of an "illegal sentence" in *Hill.* Doby claims the court imposed his sentence in violation of the plea agreement. A sentence imposed in actual violation of a plea agreement falls within the category of sentences imposed in an illegal manner. *United States v. Warren,* 610 F.2d 680, 684–85 (9th Cir. 1980); *United States v. Stevens,* 548 F.2d 1360, 1361–62 (9th Cir.), *cert. denied,* 430 U.S. 975, 97 S.Ct. 1666, 52 L.Ed.2d 369 (1977); 8A J. Moore, *Moore's Federal Practice* ¶ 35.03[2] at 35–37 (2d ed. 1986); 3 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 586 at 398 (2d ed. 1986). However, Doby does not contend that the ten-year sentence violated the actual terms of the written plea agreement; instead, his argument is that the sentence violated *his* understanding of the plea agreement. Doby alleges that his guilty plea was induced by false promises made by his attorney.

Motions challenging a defendant's understanding of a plea agreement are more properly brought as section 2255 motions, 28 U.S.C. § 2255. *See United States v. Scott,* 625 F.2d 623 (5th Cir.1980) (defendant's lack of understanding of the maximum sentence properly brought as a Section 2255 motion); 3 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 594 at 443 (2d ed. 1986). "[A] guilty plea, induced by promise or threats which deprive it of the character of a voluntary act, is void ... [and] ... such a plea is open to collateral attack." *Machibroda v. Unit-* *ed States,* 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962). Therefore, the court will construe Doby's Rule 35 motion as one to vacate, set aside or correct a sentence under 28 U.S.C. § 2255.[1]

### 2. *Section 2255 Motion*

▪ Rule 4, of the Rules Governing Proceedings in the United States District Courts Under Section 2255, requires the court to make a preliminary consideration of a Section 2255 motion to determine if it plainly appears that the movant is not entitled to relief. After careful review of the entire record of this case and the transcripts[2] of the change-of-plea and sentencing hearings, the court finds that the ten-year sentence imposed upon Doby was not in violation of the plea agreement. Furthermore, the facts clearly show that Doby was informed, both by his counsel and this court, that his sentences could run consecutively. In fact, Doby actually admitted at the change-of-plea hearing that he was fully aware that he might be sentenced to a maximum of 15 years. Therefore, the court finds that Doby is not entitled to relief.

When entertaining a change of plea from a defendant who has entered into a plea agreement with the government, this court routinely engages in a comprehensive colloquy with the defendant to ensure that he is fully aware of the consequences of his guilty plea, Fed.R.Crim.P. 11(c), and that he is apprised of all aspects of the agreement and to verify that he is making the agreement voluntarily, Fed.R.Crim.P. 11(d). The court conducted such a colloquy with Doby on October 6, 1986, and as a result, the court is satisfied that Doby was in fact

---

1. Actually, the distinction between Fed.R. Crim.P. 35 and section 2255 is not always clear. 8A J. Moore, *Moore's Federal Practice* ¶ 35.02[3] at 35–34 (2d ed. 1986); 3 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 583 at 391 (2d ed. 1986) ("there are areas in which the two remedies overlap"). However, the general rule in cases where the two remedies overlap "ought to be, and largely is, that errors in naming the rule or statute under which a defendant is proceeding should not be held against him, and that if relief is available under any of these procedures it ought to be given." C. Wright, *supra,* at 392–93 (citation omitted).

Therefore, in light of this general rule and in an effort to do substantial justice, the court holds that its determination denying Doby relief under the section 2255 analysis would be the same under Fed.R.Crim.P. 35.

2. Actually, there were no written transcripts of these hearings for the court to consider. Instead, the court reviewed tape recordings of the entire hearings.

aware that his sentences might run consecutively, and that he understood that the imposition of consecutive sentences was in fact possible and would not be in violation of the plea agreement.

First, found in the record of this case is a four-page document entitled "Petition to Enter A Change of Plea" which was filed on October 1, 1986. Appearing on page four of this document are the signatures of Geane Doby, his attorney Matthew L. Moran, and Assistant United States Attorney David Capp. Paragraph nine of that document explained what the government was required to do in exchange for Doby's guilty plea to Counts I and III. Subparagraphs (a) and (b) of paragraph nine stated that, in exchange for Doby's guilty plea to Counts I and III, the government would dismiss counts II, IV, V and VI. Subparagraph (c) revealed that the government would make an effort to either obtain a concurrent penalty or an outright dismissal of two unrelated state charges pending against Doby in state criminal court in Cook County, Illinois. Subparagraph (c) explicitly stated that "the United States Attorney cannot bind the State's Attorney for the State of Illinois."

Subparagraph (d) of paragraph nine informed Doby that he was the target of an ongoing FBI investigation and that his plea to the instant charges in no way prevented the government from continuing that investigation and from seeking additional criminal charges against Doby as a result of that investigation. There is no reference or any mention of a sentence of a specific length anywhere in the document.

Second, there are statements at the end of the document indicating that Doby believed that his attorney had done all that anyone could do to counsel him, and that he understood the terms of the agreement fully, and finally, that he was making the agreement knowingly and voluntarily and that no promises outside the agreement had been made to him by anyone.

Third, at the change-of-plea hearing, this court reviewed the details of the plea agreement with Doby. Specifically, the court directed Doby's attention to paragraph nine and to his own signature at the end of the document. In response, Doby stated emphatically that he understood paragraph nine [3] and verified that the signature on the document was his own. Doby informed the court that his attorney had sat down with him prior to the hearing and had reviewed the document thoroughly. Doby stated that his attorney's explanation was consistent with what the court told him.

Fourth, the court also offered a more expanded explanation of Doby's sentence exposure in an effort to make certain that the defendant did in fact understand the import of his plea of guilty. Assistant United States Attorney David Capp explained that the maximum sentence under Count I was five years and the maximum sentence under Count III was ten years. The court then explained that by pleading guilty to these two counts that Doby could receive a combined maximum sentence of 15 years. The court asked Doby if he had any questions and the following exchange occurred:

Court: Any questions about the penalty, the maximum penalty that Congress has set forth in the statutes that apply to these two crimes? Any questions about that?

Doby: Yeah, I got one question. The time I do get, is it possible that it'll be run concurrently?

Court: It could run concurrent. But I'm just telling you what the maximums are. The maximums are—the five years and the ten years and the $5000.00 and $10,000.00 fines. I could, it would be up to me, I could run them together. You know what concurrent

---

3. The court actually reviewed each of the subparagraphs of paragraph nine with Doby. The court asked Doby to read each subparagraph and then asked Doby to explain to the court his understanding of what he had read. The court then offered its own expanded explanation of paragraph nine and asked Doby if he understood; Doby responded affirmatively.

means—they run together. Or I could run them consecutively, meaning one after another, which means that the maximum term of imprisonment that you would be faced with would be 15 years, if I run them one after the other.

Doby: And all the fines would be paid.

Court: Any fines that would be paid, the maximum would be $15,000.00. Does that answer your question?

Doby: Yes, sir.

Court: Do you think you understand what the penalty, the maximum penalty that the court could impose upon you?

Doby: Yes, sir.

Court: Okay. Has anyone threatened you or anyone else close to you, or forced you in any way to plead guilty to Count I and III of the indictment?

Doby: No, sir.

Near the end of the change-of-plea hearing, the court asked both the government and defense counsel if they agreed with the court's explanation of the potential maximum sentence and the plea agreement; they both responded affirmatively. Finally, the court asked Doby if he had been given any assurances or promises by anyone, apart from those in the plea agreement. Doby responded negatively.

Therefore, based on the foregoing review of the entire record and the transcripts of the hearings in this case, the court finds that the ten-year sentence imposed upon Doby by this court in no way violated the terms of his plea agreement. Furthermore, the court finds that Doby was properly and adequately informed both by his attorney and this court that his sentences could run consecutively. Accordingly, the court finds that Geane Doby is not entitled to relief.

### B.

*Motion to Withdraw Plea of Guilty*

Doby also seeks to withdraw his guilty plea because he claims his attorney misled him on the potential length of his sentence.

Fed.R.Crim.P. 32(d) sets out the procedures for the withdrawal of a plea. Rule 32(d) provides:

Plea Withdrawal. If a motion for withdrawal of a plea of guilty or nolo contendere is made *before sentence is imposed,* imposition of sentence is suspended, or disposition is had under 18 U.S.C. § 4205(c), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. *At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.*

Fed.R.Crim.P. 32(d) (emphasis added).

As this rule makes clear, a motion to withdraw a plea must be made before a sentence is imposed, otherwise a plea can only be set aside on direct appeal or by a section 2255 motion. *Id.; see also* W. LaFave & J. Israel, *Criminal Procedure* § 20.5 at 811 (1985). Because the court sentenced Doby on November 21, 1986, his motion to withdraw his plea comes over a month too late and must be denied as untimely under the terms of Fed.R.Crim.P. 32(d). Furthermore, having determined that Doby is not entitled to relief under section 2255, he will not be allowed to withdraw his plea at this late date.

### C.

*Motion for Appointment of Counsel*

Finally, Doby seeks appointment of counsel for purposes of pursuing his motions. Having determined that Doby is not entitled to relief under either of his previous motions, the court ORDERS that his motion for appointment of counsel should likewise be DENIED.

### III.

### CONCLUSION

It is therefore ORDERED that Geane Doby's Motion to Withdraw Plea of Guilty, Motion for Corrected Sentence and Motion for Appointment of Counsel are all hereby DENIED.